(No. 13066.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN CONNORS, Plaintiff in Error.

*Opinion filed February 18, 1920—Rehearing denied April 9, 1920.*

1. CRIMINAL LAW—*an indeterminate sentence is for the maximum term fixed by law.* An indeterminate sentence "for a term of years, not to exceed the maximum term fixed by law" for the crime of which the defendant is convicted, is a definite sentence for the maximum term provided by law.

2. SAME—*legislature has power to fix punishment for a crime.* The only constitutional limitation on the power of the legislature to fix penalties for crimes is that all penalties shall be proportioned to the nature of the offense, and no one convicted of crime and given an indeterminate sentence can be discharged before the expiration of the maximum term except through the action of the executive department of the State.

3. SAME—*the Parole law does not violate constitutional rights.* The Parole law does not violate any right of a citizen guaranteed by the Federal or State constitution and does not increase the term of imprisonment fixed by law for the crime of which a defendant is convicted. (*People* v. *Doras,* 290 Ill. 188, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, EDWARD C. FITCH, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was sentenced by the criminal court to be imprisoned in the penitentiary "for a term of years not to exceed the maximum term fixed by law," on his plea of guilty to the crime of robbery. It is contended that the court erred in imposing an indeterminate sentence.

Our decision in *People* v. *Doras,* 290 Ill. 188, is controlling here. The sentence is a certain and definite sentence for the maximum term provided by law. (*People* v. *Joyce,* 246 Ill. 124; *People* v. *Peters,* 246 id. 351; *People* v. *Nowasky,* 254 id. 146.) The convict has no right to demand that he be discharged before the expiration of such maximum term. The legislature has authority to fix penalties for crime, and the only constitutional limitation on that authority is that "all penalties shall be proportioned to the nature of the offense." The judgment of the court simply carries into effect the penalty prescribed by the legislature. The execution of this judgment is vested in the executive department of the State. That department is given authority to reduce the duration of imprisonment, subject only to the limitation that it shall not in any case be reduced to less than one year or the minimum term provided by law. Unless the executive decides to shorten the term of imprisonment fixed by the judgment of the court the sentence does not end when the minimum term has been served. The executive is given authority to terminate the imprisonment, within the limits fixed by law, whenever in the judgment of that department of the government justice requires it. If, for the purpose of discipline, education and training the executive department determines that the convict should be kept under the friendly supervision of the State outside the penitentiary, it cannot be said that this increases the sentence, so long as the term of supervision is less than the maximum term fixed by law. The Parole law does not by any of its provisions violate any right of a citizen guaranteed by the Federal or State constitution.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*