(No. 22061.—

THE PEOPLE *ex rel.* Otto Kerner, Attorney General, Petitioner, *vs.* THE CIRCUIT COURT OF SANGAMON COUNTY *et al.* Respondents.

*Opinion filed December 22, 1933.*

OTTO KERNER, Attorney General, and J. J. NEIGER, for petitioner.

HERBERT S. ANDERSON, (CARL H. PREIHS, of counsel,) for respondents.

Mr. JUSTICE FARTHING delivered the opinion of the court:

By leave granted, an original petition was filed in this court in the name of the People, on the relation of the Attorney General, for a writ of *mandamus* commanding Herbert S. Anderson, as presiding judge of the circuit court of Sangamon county, to expunge from the records of said court an order releasing and discharging James Michaels from the penitentiary. Judge Anderson, (hereinafter called the respondent,) in his official capacity and on behalf of the circuit court of Sangamon county, has filed his answer herein. The petitioner has filed a demurrer to the answer, and the cause is submitted on the questions of law raised by the demurrer.

It appears from the *mandamus* petition that on September 28, 1928, James Michaels was found guilty by a jury in the circuit court of Randolph county of the crime of robbery while armed with a gun, in manner and form as charged in the indictment, and that his age was found to be twenty-four years. On January 7, 1929, his motion for new trial was overruled and he was sentenced to the Southern Illinois Penitentiary, at Menard. After the conviction and sentence he sued out a writ of error to this court, and the judgment of conviction was affirmed in *People* v. *Michaels,* 335 Ill. 590. The petition for the writ of *habeas corpus* filed by Michaels contained a copy of the mandate of this court issued when it affirmed the judgment of the circuit court of Randolph county. The respondent therefore knew that the questions raised in the *habeas corpus* proceeding as to the sufficiency and validity of the judgment of the circuit court of Randolph county might have been presented to and passed upon by this court

had Michaels seen fit to invoke the judgment of this court with reference thereto.

The answer filed by the respondent in this cause, to which a demurrer has been interposed, admits the filing of the petition for *habeas corpus* by Michaels on October 27, 1932, in the circuit court of Sangamon county, and states that reference to the opinion of this court was made by counsel and that the opinion of this court was examined and considered in passing upon the petition for *habeas corpus,* and that the respondent concluded that the circuit court had jurisdiction and power to pass upon matters not brought to the attention of this court by the assignment of errors in *People* v. *Michaels, supra.*

The respondent says that no transcript of the proceedings in the *habeas corpus* hearing was preserved and presented here and complains as to this not having been done by the relator. He also says that Michaels, according to the respondent's recollection of what then transpired, was permitted to orally traverse the return to the writ; that witnesses were sworn and that facts were brought out in their testimony which showed a "want of jurisdiction of the subject matter by the circuit court of Randolph county." In addition to this, the respondent insists that Michaels was held under an imperfect and insufficient *mittimus* by the warden of the Southern Illinois Penitentiary, and that by reason of these matters and things the respondent had before him matters for consideration which were not before this court when the case of *People* v. *Michaels, supra,* was here for decision.

Although the respondent says in his answer that the petition for *mandamus* is not correct in that it fails to mention the oral traverse, he himself omits any reference to such leave having been granted where he recites the following, which purport to be the minutes he entered at the hearing on the *habeas corpus* petition: "November 1, 1932; return filed; cause called for hearing; evidence

heard; cause argued; prisoner discharged." Also, the order entered by the respondent as judge of the circuit court of Sangamon county is in part as follows: "And now this cause coming on to be heard upon the petition and return, and the court having heard the arguments of counsel and being now fully advised, grants the prayer of the petition."

On motion of Michaels a change of venue was allowed from the circuit court of St. Clair county to the circuit court of Randolph county, and numerous errors are urged in the record made in transferring the cause.

It appeared in the proceedings in this case, in the petition for *habeas corpus* and in the return, that Michaels was held by the warden under an order of commitment upon a judgment of conviction of the crime of robbery while armed, etc., and that the judgment of conviction had been affirmed by this court. A copy of the mandate, duly certified by the clerk of this court, is shown to have been delivered to the warden, and further, it is shown that the warden had a certified copy of the judgment of conviction in the trial court. We held in *People* v. *Murphy,* 188 Ill. 144, at page 149: "The only *mittimus* required by the statute was a certified copy of the judgment." And again, in *People* v. *Green,* 281 Ill. 52, at page 61: "As a matter of fact there is no special requirement in our statute that a sheriff or other officer must be supplied with a *mittimus* after an order and judgment of conviction and sentence to jail have been entered by the court. * * * There is authority, at any rate, for the proposition that a prisoner who has been legally and properly sentenced to prison cannot be released from prison merely because of an imperfection in the warrant for commitment, and if the prisoner is safely in the proper custody there is no office for a *mittimus* to perform." Therefore the order of commitment was sufficient authority and justification for the detention and custody of Michaels, and

the respondent did not obtain jurisdiction in the *habeas corpus* proceeding by any insufficiency in the *mittimus.*

This court. has repeatedly held that where it has reviewed the record in a criminal case in the exercise of its appellate jurisdiction, whether or not the particular error sought to be made the basis of a petition for *habeas corpus* was assigned and considered, all questions that might have been raised are forever settled by its judgment. We have held that there is no jurisdiction in any court thereafter to entertain and pass upon such petition for the writ of *habeas corpus* upon any error in the record reviewed, whether error was assigned thereon or not. Unless subsequent facts and circumstances have been made the basis of the petition, when it is brought to the attention of any judge that this court has reviewed the record of conviction and has affirmed it, it is the immediate duty of such judge to decline to consider the petition for *habeas corpus* and to dismiss such petition and to deny the writ for want of jurisdiction. This is true even where the defects complained of were not discovered until after the judgment of affirmance had been rendered by this court. (*People* v. *Superior Court,* 234 Ill. 186; *People* v. *Eller,* 323 id. 28.) In *People* v. *Superior Court, supra,* at page 204, we also said: "Nothing said or left unsaid is to be deemed an intimation that the superior court could rightfully have discharged Lipsey on *habeas corpus* if the criminal case had not come to this court and if the verdict was properly the subject of the criticisms leveled against it. The criminal court had jurisdiction of the offense with which Lipsey was charged and had jurisdiction of his person. It had jurisdiction to determine the sufficiency of the verdict and jurisdiction to enter the judgment which it did enter. By the entry of final judgment it adjudicated that verdict to be one which would support a judgment of conviction in the case." In *People* v. *Strassheim,* 242 Ill. 359, it was contended upon an original petition for *habeas corpus* filed

in this court, that the statute under which the petitioner was sentenced was wholly void. The right to raise that question by *habeas corpus* proceedings was denied. We said at page 362: "These questions which counsel seek to raise concerning the validity of the entire act cannot be raised or considered in this proceeding by *habeas corpus* since they do not affect the jurisdiction of the criminal court, in which the relator was convicted. The courts have uniformly held in very numerous cases that the writ of *habeas corpus* cannot be made to perform the functions of a writ of error or an appeal, and if the relator was sentenced under the provision of a void act that question could properly be raised on a writ of error."

It is manifest from the decisions heretofore rendered by this court that when a petition is presented to a judge for the writ of *habeas corpus* to discharge a prisoner held under judicial process, the question of the jurisdiction of the court to render the judgment, which is the foundation of the process by which the prisoner is held, lies at the very threshold of the *habeas corpus* proceeding. If it appears from the petition, the return, or in any other legitimate manner, that the court that rendered the judgment by virtue of which the process issued from which discharge is sought, had jurisdiction of the person of the prisoner and of the subject matter of the suit in which the judgment was rendered, then the judge to whom the petition is presented should decline, for lack of jurisdiction, to discharge the prisoner. If the court which rendered the judgment upon which the process issued by which the prisoner is held had jurisdiction of the person of the prisoner and the subject matter of the suit, then the case of the prisoner is not one for discharge upon writ of *habeas corpus* but for review by appeal or on a writ of error. No court on *habeas corpus* can sit as a court of review to re-try cases which have been legally decided, upon full jurisdiction, by other courts, especially other courts of concurrent juris-

diction. *People* v. *Zimmer*, 252 Ill. 9; *People* v. *Williams*, 330 id. 150 and 334 id. 241.

In considering this identical situation in *People* v. *Superior Court, supra,* at page 198 we said: "In this case it appeared from the face of the petition for a writ of *habeas corpus* that the question thereby raised had, as a matter of law, been adjudicated against Lipsey by this court when his case was here on writ of error, and it therefore appeared from the petition that Lipsey, so far as imprisonment by virtue of that judgment was concerned, could not by the superior court, or any judge thereof, be discharged, admitted to bail or otherwise relieved, and for that reason the writ should not have issued. It is contended, however, that even if this be true the superior court was without jurisdiction; that having general jurisdiction in *habeas corpus* the court had the power and authority to issue the writ even though the prisoner should not lawfully be discharged. We have held that jurisdiction is authority to hear and decide a cause and that it does not depend upon the correctness of the decision made. 'Jurisdiction of the tribunal does not depend upon actual facts alleged but upon authority to determine the existence or non-existence of such facts and to render judgment according to its findings.' * * * Applying that statement of the law to this petition for *habeas corpus* it is apparent that the petition conferred no jurisdiction upon the superior court. The fact alleged was that the judgment in the criminal case was void. It also appeared from the petition, as a matter of law, that this court upon a writ of error had determined that alleged fact to be untrue and had determined that the judgment was valid. That being the case, the superior court was without authority to determine the existence or the non-existence of the alleged fact. That question had already been determined by a tribunal whose finding the superior court had no authority to review. The superior court was therefore without jurisdiction in the premises

and without right or power to order the issuance of the writ."

It is clear from the petition and return in this case that the respondent, as judge of the circuit court of Sangamon county, was without jurisdiction to enter the order of discharge, and the order of discharge being beyond his jurisdictional power to enter was absolutely void, first because he had no jurisdiction to review the judgment of conviction of the circuit court of Randolph county, and second because that judgment had been reviewed and affirmed by this court. It is also clear, in view of the holdings of this court, that the order of discharge entered by Judge Anderson in the circuit court of Sangamon county was a usurpation of judicial power, and that the judgment of conviction entered by the circuit court of Randolph county and affirmed by this court was not annulled thereby but possesses the same vitality to-day it possessed upon the day it was rendered.

The authorities are collected and reviewed in *People* v. *Williams,* 334 Ill. 241, upon the point that no court can review by *habeas corpus* proceedings the record of a cause determined by another court possessing the requisites of jurisdiction and power to render the judgment of conviction. These authorities go back to *Ex parte Smith,* 117 Ill. 63. But it is not necessary to discuss this well settled rule of law at greater length. It is equally well settled that *mandamus* is the proper remedy to expunge the void order of a court which attempts by *habeas corpus* to review the proceedings and judgment of a court rendered with full power and jurisdiction of the subject matter and of the person.

The demurrer to the answer is sustained. The writ of *mandamus* is awarded, commanding the circuit court of Sangamon county, and any presiding judge thereof, to set aside, expunge and strike from the records of the circuit court of Sangamon county the order entered on the first

day of November, 1932, releasing James Michaels from custody in the cause entitled, "The People of the State of Illinois *ex rel.* James Michaels, petitioner, *v.* James A. White, warden of the Southern Illinois Penitentiary, at Menard, Illinois, respondent." It is the duty of the warden of the Southern Illinois Penitentiary to take the same steps to obtain custody of Michaels as he would take in the case of any other prisoner unlawfully at large.

*Writ awarded.*