(No. 27902.—

THE PEOPLE *ex rel.* George F. Barrett, Attorney General, Petitioner, *vs.* ROBERT E. CROWE, Judge, Respondent.

*Opinion filed May 16, 1944.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for petitioner.

GERALD R. GORMAN, and JOHN MULDER, (LESTER N. GROSSMAN, of counsel,) all of Chicago, for respondent.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Attorney General has filed an original petition for *mandamus* seeking to have an order of the superior court of Cook county expunged, which discharged from the custody of Joseph E. Ragen, Warden of the State Penitentiary, in a *habeas corpus* proceeding, one Eugene Crowley, who had been convicted of robbery.

At the time of the filing of his petition for *habeas corpus*, on October 7, 1943, before Robert E. Crowe, one of the judges of the superior court, the prisoner was held in the Stateville branch of the Illinois State Penitentiary, at Joliet, under a parole-violation warrant, on which he was brought to Illinois from Michigan on December 30, 1942.

Crowley was convicted of robbery in the criminal court of Cook county, May 29, 1925, and sentenced to a term of from three to twenty years. After serving six years and nine months, in March, 1932, he was paroled to a citizen of South Haven, Michigan, where, on October 20, 1933, he was convicted of the crime of carrying concealed weapons and sentenced to the Michigan penitentiary for a term of from seven months to five years. On November 22, 1933, a warden's warrant was issued for his apprehension as a parole violator but no action was taken to have him returned to Illinois. On May 14, 1935, the prisoner was granted a Michigan parole, returned to South Haven, and on June 2, 1938, he was discharged from that parole. In December, 1938, he was again arrested in Michigan on a charge of breaking and entering. Upon being notified, the parole authorities of Illinois, on December 30, 1938, sent the warden's warrant, bearing date of November 22, 1933, to the South Haven chief of police. In January, 1939, Crowley was again sentenced to the Michigan penitentiary, and on February 23, 1939, the Illinois Parole Board requested the chief of police of South Haven to forward the warden's warrant of November 22, 1933, to the Jackson

penitentiary. When the prisoner was paroled from the Jackson penitentiary on December 30, 1942, he was arrested by an Illinois parole officer and returned to the Illinois State Penitentiary. At the time of his release on parole thirteen years and three months of his maximum period of service remained, for which he continued to owe the State service until and unless discharged by an order of the Department of Public Welfare. *People ex rel. Ross v. Becker,* 382 Ill. 404; *Purdue* v. *Ragen,* 375 Ill. 98.

Petitioner contends, and was sustained in that contention by the superior court, that as the Illinois warrant of November 22, 1933, was not served until December 30, 1942, more than nine years thereafter, the State of Illinois had waived and abandoned its right to have the sentence and commitment of May 29, 1925, executed. No claim is made that his original conviction and sentence were void, but it is insisted that he was entitled to his discharge, "where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." Ill. Rev. Stat. 1943, chap. 65, par. 22, subpar. 2.

The important question here is whether the superior court had jurisdiction to enter the particular order sought to be expunged by this proceeding. If the court had no authority to enter it, it is void and should be expunged. If, on the hearing of a *habeas corpus* proceeding, it develops that the court, although having jurisdiction of the subject matter and of the parties, does not have jurisdiction to enter the order for the prisoner's release, any order except one dismissing the proceeding is void. *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210; *People ex rel. Courtney* v. *Thompson,* 358 Ill. 81.

In the *Thompson case* no question was raised as to the validity of the conviction or sentence. The chief contention was that the defendant was not imprisoned at an earlier date because of the voluntary act of the sheriff,

which constituted a "voluntary escape" which constitutes a bar to retaking and continuing the imprisonment. In the instant case the inquiry is limited to the question of whether the failure of the parole authorities of Illinois to have the warden's warrant of November 22, 1933, executed within a reasonable time after Crowley's discharge from his Michigan parole in 1938, entitled him to his discharge.

When Crowley violated his out-of-the-state parole, he became a person charged with crime and a fugitive from justice subject to extradition. From the date of his parole violation he is deemed to owe the State of Illinois service for the remainder of his maximum sentence, and may be detained in the penitentiary to serve the maximum term of his sentence, giving credit only for time faithfully served in prison and while on parole before violation. *Purdue* v. *Ragen,* 375 Ill. 98; *Reed* v. *Colpoys,* 99 Fed. 2d 396, *certiorari* denied, 305 U. S. 598; Ill. Rev. Stat. 1943, chap. 38, par. 808.

Giving him credit for the time he actually served in the penitentiary before his parole, *viz.,* six years and nine months, and the time he was on parole before his violation, approximately one year and nine months, he still owed the State a number of years of actual service, unless and until those officials, having authority so to do, have abbreviated his sentence or have given him a final discharge.

In *In re Jennings,* 118 Fed. 479, a defendant was discharged on *habeas corpus* because the marshal did not execute the sentence imposed on the prisoner, but turned him over to another jurisdiction for imposition of sentence and commitment for another wholly unrelated crime. In that case the court said: "In the eye of the law, he has all the time been serving out the sentence that was imposed on him for an assault with intent to kill, because no ministerial officer, by disobeying the mandate of the court and unlawfully surrendering him into another custody than that where

he rightfully belonged could suspend the running of the sentence for that offense." But, in *United States* v. *Merrin*, 227 Fed. 314, the court discussed the case of *In re Jennings*, and refused to give it controlling place in a matter where a convict, after serving several years of a Federal court sentence, was, while on parole, sentenced in a State court for another crime, and was retaken as a parole violator, after the maximum term of his original sentence had expired. The court acknowledged that his plea for release was enforced with a strong and moving appeal because he had already served so many years, but limited its concern to the questions of law raised, with the observation that defendant's appeal would be properly made to those authorities who have the extension of clemency within their powers. Equitable considerations were also dismissed by the court in *Reed* v. *Colpoys*, 99 Fed. 2d 396, with the following statement: "If equitable considerations, not known to us, exist, they will undoubtedly receive the proper consideration of the Governor of Illinois under his pardoning power. We cannot and should not usurp that power by interfering with extradition properly requested."

It is not for the courts to exercise clemency through their own processes of implication, by applying a rule analogous to the statute of limitations, as the superior court did in this case. It is not the province of the judiciary to put in operation the court's own conception of the principle that punishment for crime should be prompt and certain. General principles should not be turned into procedural necessities because such principles are old and familiar ones. *Mandamus* is a legal remedy and legal principles alone must control.

We find no authority for discharging the petitioner because of the delay in executing the warden's warrant. The order discharging the prisoner was without authority of law and is void. The writ is, therefore, awarded.

*Writ awarded.*