(No. 29948.—

THE PEOPLE *ex rel.* Irene Neville, for and on behalf of William O'Brien, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed March 19, 1947.*

JAMES M. BURKE, of Chicago, for petitioner.

GEORGE F. BARRETT, Attorney General, (EDWARD WOLFE, of Springfield, of counsel,) for respondent.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On motion of Irene Neville, leave was granted to file an original petition for writ of *habeas corpus* on behalf of her brother, William O'Brien, who is being held in the Illinois State Penitentiary. The petition and answer of the warden of the penitentiary show the following facts. On March 11, 1920, petitioner entered a plea of guilty in the criminal court of Cook county, to the crime of robbery while armed. He was sentenced to the penitentiary for a term of years "not to exceed the maximum term fixed by statute" for such crime.

After entering the penitentiary, petitioner's case was frequently before the parole board. In the first four hearings parole was denied but, at the fifth hearing, was allowed. He was admitted to parole March 18, 1930, and the usual parole agreement was executed. Among other things, it contained the statement that to attest petitioner's ability to abstain from crime and lead an upright life, he was "paroled and permitted to temporarily and conditionally go outside the enclosure of the penitentiary for the period of his maximum" sentence. The parole was granted on the usual terms and conditions, which was that on a violation of the same he should be returned to the penitentiary to serve out the maximum sentence.

On September 23, 1932, petitioner violated his parole agreement. On that day, he and four others became involved in a robbery, in the course of which a police officer was killed. On September 27, 1932, the warden's warrant was issued for his arrest as a parole violator. The date he was taken into custody does not appear, but before being returned to the penitentiary for violation of his

parole, petitioner pleaded guilty in the criminal court of Cook county to the crime of murder. On December 22, 1932, he was sentenced to the penitentiary for twenty-five years on such charge. By credit of time allowed for good behavior, he completed the murder sentence and on September 26, 1946, was discharged from serving further time for that crime. However, the warden continued to hold him in prison as a parole violator under the sentence for robbery entered in March, 1920. The last order of the Board of Pardons and Paroles was entered October 15, 1946. It denied parole and continued his case to December 27, 1956.

When petitioner was sentenced to the penitentiary for robbery while armed in March, 1920, the penalty for such offense was imprisonment in the penitentiary for not less than ten years or for life. (Hurd's Stat. 1919, chap. 38, par. 246.) An indeterminate sentence is a sentence for the full term fixed by law for the crime. (*People ex rel. Ross* v. *Becker*, 382 Ill. 404; *People ex rel. Barrett* v. *Dixon*, 387 Ill. 420.) The robbery sentence was a sentence for life. (*People ex rel. Michaels* v. *Bowen*, 367 Ill. 589; *People* v. *Connors*, 291 Ill. 614.) Full satisfaction of such sentence meant imprisonment in the penitentiary for life, less earned good time, unless he was discharged in the manner provided by law. The two methods by which the sentence for life might have been terminated were, release on parole and compliance with the conditions of his parole followed by a discharge granted by the parole authorities with the approval of the Governor; (*People* v. *Bowen*, 367 Ill. 589;) or by a pardon or commutation of sentence by the Governor. *People* v. *Dixon*, 387 Ill. 420.

Petitioner refers to the well-established rule that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provision in the judgment to the contrary, and where a

defendant is already in execution on a former sentence and the second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently in the absence of a statute providing for a different rule. (*People ex rel. Clancy* v. *Graydon*, 329 Ill. 398.) It is conceded there was nothing in the judgment order entered on the murder charge to bring such judgment within the exception but petitioner argues that section 14 of the act of 1933 in relation to the State penitentiary (Ill. Rev. Stat. 1945, chap. 108, par. 118,) creates an exception which obviates the general rule and makes further imprisonment illegal.

The substance of the statute is that when a crime is "committed within any division or part of the penitentiary system by any person confined therein," the court, in the county where the division or part of the penitentiary is situated, shall have jurisdiction over such crime. It further provides that a defendant charged with such crime shall be tried according to the usual rules of criminal procedure "But in case of conviction, the sentence of said convict shall not commence to run until the expiration of the sentence under which he is then held in confinement in the penitentiary system."

Petitioner contends that if the statute had been applied he would have been held on the sentence for robbery and would not have started on the murder sentence until the other had been completed. By a line of reasoning, the course of which is not clear, petitioner argues that having served a part of the murder sentence and been released from the remainder, his further imprisonment on the robbery sentence is illegal.

Petitioner's case did not come within the statute. The statute in its present form was not in force in December, 1932, when petitioner was sentenced to the penitentiary on the murder charge. But aside from that, his case was

not of the class specified in the statute. It is limited in its application to crimes "committed within any division or part of the penitentiary system by any person confined therein." It is absurd to argue that a prisoner on parole is in the penitentiary and that any crime committed by him while on parole is a crime committed in a division or part of the penitentiary system. To sustain such contention petitioner refers to statements in some cases where the jurisdiction of the prison authorities over a convict on parole was considered. In some the jurisdiction of the prison authorities was compared with that over a prisoner in the penitentiary but those cases have no application here. In *People* v. *Doras,* 290 Ill. 188, it was said: "When on parole the convict cannot be said to be imprisoned in the penitentiary. While he is still under the control of the State during his term of parole, it does not follow that he is serving a term of imprisonment in the penitentiary." The statute has no application to petitioner's case. Petitioner's sentence for armed robbery has not been terminated in a manner provided by law, and until it has been so ended his imprisonment is lawful.

For the reasons stated, the petitioner is remanded to the custody of the warden.

*Petitioner remanded.*