(No. 31164.—

THE PEOPLE *ex rel.* Perry Williams, Petitioner, *vs.* BROWNING ROBINSON, Warden, Respondent.

*Opinion filed November 22, 1949.*

PERRY WILLIAMS, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WAYNE R. COOK, of Danville, of counsel,) for respondent.

Mr. JUSTICE GUNN delivered the opinion of the court:

Petitioner, Perry Williams, filed his petition for writ of *habeas corpus* for discharge from the Illinois State Penitentiary, alleging that by reason of matters occurring since his conviction the judgment had become void, and that he was entitled to a discharge under a writ of *habeas corpus*. We required the Warden of the penitentiary to make answer to the petition, and upon the petition and answer an issue of law was formed.

The answer discloses that on January 22, 1931, the petitioner was convicted, in the circuit court of Adams County, of robbery while armed with a deadly weapon, and was sentenced to the Illinois State Penitentiary at Menard until discharged by law. At that time the statute provided that the punishment for armed robbery was imprisonment in the penitentiary for an indeterminate term of from one year to life. On December 16, 1935, the petitioner was ordered paroled to Adams County, and shortly thereafter was released from the penitentiary upon parole. On April 30, 1936, while on parole, the petitioner engaged in a holdup robbery of a bank in Pike County, and on July 22, 1936, was convicted of robbery upon his plea of guilty and sentenced to the Illinois State Penitentiary at Menard for a term of from one to twenty years. Subsequent to this date, and on September 21, 1936, the petitioner was declared a violator of his parole granted upon the prior robbery sentence entered in the circuit court of Adams County. On October 30, 1947, the petitioner was discharged of his sentence entered in the Pike County circuit court, as having been fully served, but the Warden of the penitentiary continued to hold him in prison as a parole violator on the first sentence entered, pursuant to the judgment of the circuit court of Adams County. At the present time the petitioner remains in the custody of respondent solely by virtue of the sentence imposed upon him in 1931 by the circuit court of Adams County.

The petitioner contends that service in full on the second offense, carrying a punishment of from one to twenty years, discharges him from serving the balance of his sentence on the first conviction, running from one year to life. He has presented no authorities which sustain this contention. Apparently, it is the theory of petitioner that the Parole Board has no authority to postpone the serving of the sentence on the conviction in Adams County, caused by the violation of his parole, until after the service in full of his sentence upon the conviction in Pike County. This argument is apparently made upon the assumption that since there is nothing in the second conviction to show that the sentences were to be served consecutively, under numerous authorities the law presumes that where the sentence is for a different crime and the party sentenced to the same place of confinement, the sentences are to be served concurrently.

If the service of the sentence upon the second conviction would have carried the time of imprisonment beyond the maximum sentence under the first conviction there would be some merit to this contention, but the petitioner overlooks several fundamental principles applying to the service of judgment sentences in criminal cases. The law is settled that an indeterminate sentence is for the full term fixed by law for the crime. (*People ex rel. Ross v. Becker*, 382 Ill. 404; *People ex rel. Barrett v. Dixon*, 387 Ill. 420; *People ex rel. Neville v. Ragen*, 396 Ill. 565.) The first robbery sentence was a sentence for life. (*People ex rel. Michaels v. Bowen*, 367 Ill. 589; *People v. Connors*, 291 Ill. 614.) Full satisfaction of the life sentence might have been had if petitioner had complied with his parole agreement. The other method by which a prisoner in the penitentiary may be discharged is by a pardon or commutation of sentence by the Governor. (*People ex rel. Barrett v. Dixon*, 387 Ill. 420.) Under the authorities, a prisoner in the penitentiary owes the full time of his sentence, unless

he is paroled or pardoned, or sentence is commuted by the Governor. *Purdue* v. *Ragen*, 375 Ill. 98.

It is not perceived how violation of the parole by committing another crime has changed these fundamental requirements of the law. If the petitioner had committed a felony in another State and served his time, he could hardly urge that such a situation would mitigate or lessen his sentence. It seems clear to us that upon the violation of a parole by the commission of a subsequent felony, the Parole Board may take this into consideration in fixing the final date of his parole, regardless of whether the termination date is the same as that of a second crime for which he is imprisoned.

In the present case if other violations or misconduct during incarceration had delayed the granting of the parole, he still would not be entitled to discharge upon a writ of *habeas corpus* upon the ground that the imprisonment had become illegal. In the instant case, the imprisonment upon the Pike County conviction was for a lesser maximum term than that of the conviction in the Adams County circuit court; and even though he had been compelled to serve the full term of twenty years it would not satisfy the sen-. tence for life rendered in the circuit court of Adams County, because it is lesser in number of years than the original. sentence.

Even though in an appropriate case we might hold that the Parole Board might lack authority to administer the punishment in the manner complained of in this case, such misprision upon the part of officials would not render the judgment void. It follows that the sentence for armed robbery entered in the circuit court of Adams County has not been terminated in a manner provided by law, and until it has been so ended his imprisonment is lawful.

For the reasons stated, the petitioner is remanded to the custody of the Warden.
*Petitioner remanded.*