**UNITED STATES ex rel. MASCIO v. RAGEN, Warden**

No. 9913.

United States Court of Appeals Seventh Circuit.

Feb. 8, 1950.

Rehearing Denied Feb. 28, 1950.

Ivan A. Elliott, Attorney General, James C. Murray, William C. Wines, Assistants Attorney General, (Raymond S. Sarnow, Assistant Attorney General, of counsel), for appellant.

Thomas F. Reilly, Carl G. Pretzel, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Sam Mascio, petitioner, was a prisoner in the Stateville Branch of the Illinois State Penitentiary serving sentences pursuant to judgments of conviction rendered by the Criminal Court of Cook County, Illinois. He petitioned the District Court for a writ of habeas corpus. In his petition he averred that he was and is being deprived of his liberty without due process of law in violation of the laws of the State of Illinois and the Constitution of the United States. The District Court held that petitioner was being unlawfully held in the custody of the respondent and discharged the prisoner from incarceration. To reverse the judgment, respondent, warden of the penitentiary, appeals.

The facts are not in dispute. On March 20, 1941, Mascio, on his plea of guilty in case No. 41-235, was convicted of burglary by the Criminal Court of Cook County, Illinois, and placed on probation for one year. March 19, 1942, the probation was extended for another year, but during the year he was, in three separate robbery cases, indicted by a grand jury in the Criminal Court of Cook County. The indictment in each case included a habitual criminal count. November 10, 1942, in these three cases, Mascio was adjudged guilty and convicted of unarmed robbery as charged in each of the indictments, and he was separately sentenced in each case for a term of 20 years, the sentences to run concurrently. Paragraph 501, c. 38 Ill.Rev. Stat.1947, provides: "* * * Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than twenty years; or if he is armed with a dangerous weapon, * * * he shall be imprisoned * * * for any term of years not less than one year or for life." On the day that Mascio was sentenced in the robbery cases, the court revoked the probation in case No. 41-235, and Mascio was sentenced, as provided by Paragraph 84, c. 38 of the Illinois Statutes, to the Illinois State Penitentiary for the crime of burglary for a term of years, not less than one nor more than life, the sentence to run concurrently with the sentences in the three robbery cases.

In his petition for the habeas corpus writ, Mascio averred, and in the District Court contended, that since he had not been imprisoned in the penitentiary in the burglary case, the sentences in the three robbery cases for a flat term of 20 years were illegal. He argued that had he been sentenced for a period of from 1 to 20 years in each of the robbery cases, he would have been eligible for parole at the expiration of one year, and hence he was denied due process. The trial judge sustained this contention.

In this court Mascio has renewed the contention made in the District Court. He insists the judgments of the Criminal Court in the robbery cases were void.

It is true that in People v. Perkins, 395 Ill. 553, 70 N.E.2d 622, the court held that a sentence as a habitual criminal is erroneous unless the conviction was predicated upon the fact that the prisoner had actually served time in the penitentiary on a prior conviction, nevertheless, in considering Mascio's contention it is well to re-

member that there is a distinction between the effect of a void judgment and one which, though erroneous, yet is valid. In determining whether or not an excessive sentence will render a judgment of conviction void so as to entitle a defendant to a release in a habeas corpus proceeding, the test is whether or not the sentence is of a different character from that authorized by law to be imposed for the crime of which the accused has been found guilty.

In our case the Criminal Court had jurisdiction of the offense and of the person of Mascio, and under Paragraph 501, c. 38 of the Ill.Rev.Stat.1947, the court had authority to impose upon Mascio a sentence of imprisonment. To be sure, the court was not empowered to sentence him to a term of 20 years, but the penalty that was imposed was not of a different character from that provided by the statute. True, the sentences in the robbery cases were erroneous, but since there was not a jurisdictional defect, the judgments were not void. People ex rel. v. Kelly, 352 Ill. 567, 571, 186 N.E. 188. In such a situation correction of the erroneous sentence is by appeal or writ of error, and not by habeas corpus. In re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085, and People ex rel. Courtney v. Prystalski, 358 Ill. 198, 192 N.E. 693. Moreover, after his conviction in the robbery cases, Mascio sought a writ of error from the Illinois Supreme Court, but he did not question the legality of the sentences imposed. See People v. Ficarrotta, 385 Ill. 108, 52 N.E.2d 165. Had he challenged the propriety of the judgments, they could have been corrected.

The record also discloses that pending disposition of the proceeding in the instant case in the District Court, upon suggestion of the Attorney General of Illinois, Mascio applied, in the robbery cases, to the Governor of the State of Illinois, for a commutation of the sentences. The Governor approved the application and commuted the sentences from the flat 20-year term to an indeterminate term of from 1 to 20 years in each case. Thus, Mascio in fact obtained a correction of the sentences.

Although Mascio applied for and obtained a commutation in the robbery cases, he makes the point that the Governor was without authority so to do, and cites People ex rel. v. Jenkins, 322 Ill. 33, 152 N.E. 549, and People ex rel. v. Jenkins, 325 Ill. 372, 156 N.E. 290, for the proposition that the Governor has no authority to interfere with, control, modify, or annul a judgment of a court. In the view we take of the instant case the commutation granted is of no importance in the result reached, but even if it were, these cases do not sustain the point made, since the commutation did not change the character of the crimes.

One other matter requires brief discussion. As noted, at the time Mascio filed his petition in the District Court he was serving not only the sentences imposed in the robbery cases, but also the sentence for the crime of burglary for a term of years, not less than one nor more than life, in other words, an indeterminate sentence. An indeterminate sentence is for the full term fixed by law for the crime, and it can be terminated only by full satisfaction, or a pardon or commutation by the Governor, and a prisoner owes the full time of his sentence unless he is paroled or pardoned or the sentence is commuted. People ex rel. Williams v. Robinson, 404 Ill. 338, 88 N.E.2d 860. The scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment is challenged. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455. In the instant case Mascio does not question the validity of the judgment or the sentence imposed in the burglary case. In such a situation, habeas corpus will not lie. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, and United States ex rel. Parker v. Ragen, 7 Cir., 167 F.2d 792.

The judgment of the District Court is reversed with directions to dismiss the petition for a writ of habeas corpus.