(No. 34229, 34230.—

THE PEOPLE *ex rel.* Latham Castle, Attorney General, Petitioner, *vs.* QUINTEN SPIVEY, Circuit Judge, Respondent.

*Opinion filed March 20, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH and EDWIN A. STRUGALA, of counsel,) for petitioner.

JOHN M. KARNS, and JOHN M. KARNS, JR., both of East St. Louis, and PAUL H. NEHRT, of Chester, for respondent.

MR. JUSTICE DAVIS delivered the opinion of the court:

By leave of this court, two original petitions for *mandamus* have been filed by the petitioner to compel the respondent, Quinten Spivey, judge of the circuit court of Randolph County, to expunge orders entered by him in *habeas corpus* proceedings, by which he discharged Willard Schray and Fred William Bujenski from the custody of the warden of the Illinois State Penitentiary at Menard. The petitions for writ of *habeas corpus,* and the returns thereto, which include transcripts of the original proceedings in which Schray and Bujenski were convicted and committed to the penitentiary, and orders thereafter made by the parole board, are set forth in the *mandamus* petitions. Respondent filed motions to dismiss these petitions which raise common questions of law, and accordingly the cases have been consolidated for opinion.

Willard Schray was indicted for the crime of armed robbery at the March, 1934, term of the circuit court of Lake County. The record shows that he shot the victim of the robbery three times without provocation, and that

he had been previously imprisoned in Indiana for larceny and manslaughter. On April 26, 1934, he entered a plea of guilty and was sentenced to the Illinois State Penitentiary, there to remain "until discharged by due course of law." The statutory penalty for armed robbery was then, as now, imprisonment in the penitentiary "for any term of years not less than one year or for life." (Ill. Rev. Stat., 1955, chap. 38, par. 501.) On July 13, 1956, Schray filed petition for writ of *habeas corpus*, alleging that he had been convicted and sentenced for a term of one year to life; that he had served in excess of 22 years of his sentence and that he had "paid the full penalty for said crime and is therefore entitled to release and discharge from further imprisonment." He further alleged that since his imprisonment he had been subjected to cruel, unjust, severe, excessive and inhuman punishment by the Department of Public Safety and the Parole and Pardon Board in violation of his constitutional rights, in that the board had repeatedly refused to grant him a parole, and that by reason thereof he was being deprived of his liberty without due process of law in violation of the applicable provisions of the State and Federal constitutions. The warden, by the Attorney General and State's Attorney of Randolph County, made return to the writ of *habeas corpus,* and therein admitted the allegations concerning commitment and imprisonment; alleged that the prisoner was being held by virtue of the judgment of the circuit court of Lake County; denied that the prisoner was being deprived of his liberty without due process of law; alleged that the sentence imposed was for the maximum term of life and that the term had not expired; that parole is an act of clemency which the prisoner, as a matter of law, has no right to invoke at his own will, but is a matter of discretion to be exercised by the Parole and Pardon Board; and prayed that the petition be dismissed and the writ quashed. The return was not traversed. On the return day in the *habeas corpus* proceedings, the

respondent, Judge Spivey, entered an order finding that Schray had duly served the time legally imposed upon him and discharged the prisoner from the custody of the warden.

The order discharging Bujenski was entered on the same day, contained a similar finding, and likewise discharged the prisoner. On October 28, 1935, a jury of the circuit court of Jefferson County found Bujenski guilty of the crimes of burglary and larceny. The theft involved a small amount of corn, and there is no proof that the defendant was armed at the time. The record recites prior forgery, petit larceny and drunkenness. On October 31, 1935, he was sentenced to the Illinois State Penitentiary "for a period of years of not less than the minimum of one year nor more than the maximum (which may extend to life)." He filed a petition for writ of *habeas corpus* in the circuit court of Randolph County on July 7, 1956; alleged his indictment, conviction and sentence in the circuit court of Jefferson County; and the petition contained further allegations similar to those of the Schray petition. The return filed by the warden was in form and substance like that filed in the Schray case. Exhibits attached to the return showed that Bujenski had been conditionally paroled four times during the period of his confinement, and on each occasion had been returned to prison for violation of parole. Bujenski's traverse to the return admitted that he was being held by virtue of the judgment of the circuit court sentencing him for a term of one year to life, and that such sentence was for the maximum term provided by law, but reasserted that he was being held in violation of his constitutional rights; and denied that parole is an act of clemency and that the Parole and Pardon Board has unlimited discretion in that respect.

The respondent to the *mandamus* petitions does not question the validity of the original judgments of conviction of Schray and Bujenski and his motions to dismiss the petitions admit all of the material facts as set forth.

The petitioner for *mandamus* argues that the respective petitions for writ of *habeas corpus* contained no allegations which, if true, entitled the prisoners to discharge, or which authorized the court to entertain them; that the orders of discharge entered by respondent were in excess of the jurisdiction of the court and are void. Respondent contends that though the original convictions were valid, he had jurisdiction under section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1955, chap. 65, par. 22) to order the discharge of the prisoners where events occurred subsequent to their convictions entitling them to discharge.

The broad question presented is whether the court over which respondent presided had jurisdiction to enter the orders in question. (*People ex rel. Carlstrom* v. *Shurtleff*, 355 Ill. 210; *People ex rel. Wayman* v. *Zimmer*, 252 Ill. 9.) This court has repeatedly recognized that *mandamus* is the proper remedy to expunge void orders entered in *habeas corpus* proceedings where the court which entered the order did so without jurisdiction. (*People ex rel. Barrett* v. *Crowe*, 387 Ill. 53; *People ex rel Barrett* v. *Sbarbaro*, 386 Ill. 581; *People ex rel. Kerner* v. *Circuit Court*, 354 Ill. 363; *People ex rel. Carlstrom* v. *Shurtleff*, 355 Ill. 210.) The writ of *mandamus* cannot be sought where the object is to make it serve the normal function of a writ of error or of *certiorari* or an appeal. (*People ex rel. Dolan* v. *Dusher*, 411 Ill. 535; *People ex rel. Cassidy* v. *Fisher*, 372 Ill. 146; *People ex rel. Barrett* v. *Shurtleff*, 353 Ill. 248; *People ex rel. Peoples' Gas Light and Coke Co.*, v. *Smith*, 275 Ill. 210.) Where the question of the court's jurisdiction in the *habeas corpus* proceeding is presented in a *mandamus* action, the inquiry is not limited to a determination of jurisdiction of the subject matter of the action and the parties to the petition. The determinative question is whether the court in the *habeas corpus* proceeding had jurisdiction to enter the particular judgment sought to be ex-

punged. If, on the hearing of a *habeas corpus* proceeding, it appears that the court, although having jurisdiction of the subject matter and the parties, does not have jurisdiction to enter an order for the prisoner's release, any order except one dismissing the proceeding is void and should be expunged. *People ex rel. Barrett* v. *Crowe,* 387 Ill. 53; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210.

The prison sentences inflicted upon Schray and Bujenski were indeterminate, one year to life. An indeterminate sentence is for the full term fixed by law for the crime. (*People ex rel. Williams* v. *Robinson,* 404 Ill. 338; *People ex rel. Neville* v. *Ragen,* 396 Ill. 565; *People ex rel. Barrett* v. *Dixon,* 387 Ill. 420; *People ex rel. Ross* v. *Becker,* 382 Ill. 404.) Where the sentence is for one year to life, full satisfaction of the life sentence is required unless the prisoner is discharged according to law. The two methods by which the sentence for life might have been terminated were, (1) compliance with parole conditions, followed by discharge granted by parole authorities and approved by the Governor, or (2) a pardon or commutation of sentence by the Governor. (*People ex rel. Williams* v. *Robinson,* 404 Ill. 338; *People ex rel. Neville* v. *Ragen,* 396 Ill. 565; *People ex rel. Ross* v. *Ragen,* 392 Ill. 465; *People ex rel. Barrett* v. *Dixon,* 387 Ill. 420.) Both Schray and Bujenski were sentenced for the full maximum term of life imprisonment. The record conclusively establishes that at the time the petitions for writs of *habeas corpus* were filed neither had served the full term for which he had been committed, and the sentences had not been otherwise terminated or remitted according to law. Even though the respondent, in the respective orders entered in the *habeas corpus* proceedings, made findings that the prisoner involved had served the time legally imposed upon him, such findings were without foundation in law or fact. They are not binding on this court in considering the legality of the orders of discharge; they are self-serving in nature and cannot impart legality

to the orders or confer jurisdiction on the court to enter them. "It has never been held where the record itself shows that the evidence of jurisdiction upon which the court acted was insufficient, that its finding in favor of jurisdiction was conclusive." *People ex rel. Carlstrom* v. *Shurtleff*, 355 Ill. 210, at page 220. *People ex rel. Wayman* v. *Zimmer*, 252 Ill. 9; *Senichka* v. *Lowe*, 74 Ill. 274.

The power of the courts of this State to grant discharges in *habeas corpus* proceedings has been carefully circumscribed by legislative enactment. Subparagraph 2 of section 21 of the Habeas Corpus Act provides that no person shall be discharged under the provisions of the act if he is in custody by virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, unless the time during which such party may be legally detained has expired. (Ill. Rev. Stat., 1955, chap. 65, par. 21, subpar. 2.) Section 22 specifically prescribes the only causes for which a prisoner held under process of a court may be discharged. (Ill. Rev. Stat., 1955, chap. 65, par. 22.) The prisoners in question did not qualify for discharge under this statute. We have repeatedly held that a court has jurisdiction in a *habeas corpus* proceeding only when the original judgment of conviction was void, or where something has happened since its rendition to entitle the prisoner to release; and that where the legality of the original imprisonment is not challenged, the inquiry is ordinarily limited to determining whether the maximum term for which the defendant was sentenced has expired. (*People ex rel. Williams* v. *Robinson*, 404 Ill. 338; *People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581; *People ex rel. Carlstrom* v. *Shurtleff*, 355 Ill. 210.) The expiration of the maximum term of commitment would certainly be a subsequent event within the meaning of subparagraph 2 of section 22 of the Habeas Corpus Act entitling the prisoner to discharge. But if it appears in the *habeas corpus* proceeding that the court,

which rendered the judgment of conviction from which discharge is sought, had jurisdiction of the prisoner and of the subject matter of the suit, and that the maximum term of commitment under the judgment has not expired or otherwise been lawfully terminated, then the court hearing the application for *habeas corpus* should decline to discharge the prisoner for lack of jurisdiction. *People ex rel. Kerner v. Circuit Court,* 354 Ill. 363.

Respondent now contends that he had jurisdiction to enter the orders of discharge under the provisions of subparagraph 2 of section 22, by virtue of events occurring subsequent to the lawful imprisonment. Yet the orders which were entered contain no finding of such events. The only events occurring subsequent to Schray's incarceration were the repeated refusals by the Parole and Pardon Board to admit him to parole. The record does not disclose the reasons for such action, but we cannot assume that the board acted without cause, or that its action in denying clemency was purely arbitrary or beyond its powers. The record shows that Bujenski was four times admitted to parole and on each occasion violated the conditions of his parole and was returned to prison. He now contends that the refusal of the board to discharge him after he had served a "reasonable time" violated his constitutional rights.

Parole is a matter of grace and not of legal right. A convict cannot invoke it at his own will and has no right to demand that he be discharged before the expiration of the maximum term of his sentence. (*People v. Nowak,* 387 Ill. 11; *People v. Thompson,* 381 Ill. 71; *People v. Connors,* 291 Ill. 614.) The Parole Act (Ill. Rev. Stat., 1955, chap. 38, par. 801 *et seq.*) does not by its provisions violate any right of a citizen guaranteed by the Federal or State constitutions. (*People v. Rohde,* 403 Ill. 41; *People v. Roche,* 389 Ill. 361; *People v. Mikula,* 357 Ill. 481; *People v. Connors,* 291 Ill. 614.) Neither prisoner had the legal right to release prior to the expiration of his full term of

life imprisonment. The court could not legally discharge them prior thereto upon the mere showing that they had not been admitted to parole, or because the court might feel that denial of parole was unreasonable, or that the period of years served was sufficient to satisfy the ends of justice. A court has no jurisdiction in a *habeas corpus* proceeding to enter an order for a prisoner's release because of equitable considerations and no right to exercise clemency through its own processes. (*People ex rel. Barrett* v. *Crowe*, 387 Ill. 53.) The exercise of clemency is an executive, not a judicial function.

We find nothing in the cases cited by respondent to support his contention that the orders of discharge in question were valid. *People ex rel. Day* v. *Lewis*, 376 Ill. 509, involved an original petition for *habeas corpus* in this court in which the petitioner alleged an arbitrary forfeiture of earned good time by the Department of Public Welfare for infraction of the prison rules. We held that the department had authority to promulgate prison rules; that the prisoner was guilty of five infractions thereof; that this court could not, in a *habeas corpus* proceeding, interfere with the exercise of an administrative function by attempting to substitute its judgment or discretion for that of the department; that this court had jurisdiction to determine whether or not administrative discretion had been abused in the forfeiture of the prisoner's earned good time; that there was no abuse of discretion by the department; and that the prisoner should be remanded to the custody of the warden. We further held that where the action of the Department of Public Welfare has been taken in conformity with controlling rules, the court, in a *habeas corpus* proceeding, will inquire only whether the department officers have acted within their powers, and will not attempt to substitute the judgment or discretion of the court for that of the administrative officers. There is nothing to suggest that the actions taken by the Parole and Pardon Board

pertaining to the parole of Schray and Bujenski were beyond its powers. Certainly that cannot be inferred from a mere showing that their cases were considered and that parole was refused to Schray and repeatedly granted to Bujenski, who was returned to prison on four occasions as a parole violator.

The *habeas corpus* proceedings under scrutiny clearly disclosed that the maximum terms of the original sentences of the respective prisoners had not expired. The original judgments were valid and the prisoners were held on lawful process. Their sentences had not been remitted or otherwise terminated by any of the methods provided by law. No subsequent events had occurred which entitled them to discharge under section 22 of the Habeas Corpus Act. On this state of the record, respondent was without power to proceed further, except to dismiss the petitions. Respondent was without jurisdiction to enter the orders of discharge and they are null and void.

The writs of *mandamus* are therefore awarded as prayed in each case.

*Writs awarded.*