JOHN KINDHART, Petitioner-Appellant, v. LARRY MIZELL, Warden of Vienna
Correctional Center, Respondent-Appellee.

Fifth District    No. 81-150

Opinion filed October 21, 1981.—Rehearing denied November 18, 1981.

Jan Susler, of Prison Legal Aid, of Carbondale, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Herbert Lee Caplan,
Melbourne A. Noel, Jr., and Ronald Lee Bell, Assistant Attorneys General, of
counsel), for appellee.

Mr. JUSTICE WELCH delivered the opinion of the court:

The petitioner, John Kindhart, appeals from the denial of his petition
for writ of *habeas corpus*. We affirm that denial.

The facts are not disputed. In 1976, petitioner was convicted of in-
voluntary manslaughter and sentenced to not less than three nor more
than nine years' imprisonment. (Ill. Rev. Stat. 1975, ch. 38, pars. 9—3(b)
and 1005—8—1(b)(4).) Also a parole term of three years attached to
petitioner's sentence by operation of law. (Ill. Rev. Stat. 1975, ch. 38, par.
1005—8—1(e)(2).) Petitioner was subsequently released on parole on
April 3, 1978. The parole period in addition to his term of imprisonment
was reduced to one year to conform with the amended Unified Code of
Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1003—3—8 and
1005—8—1(d)). Petitioner testified at the hearing on his *habeas corpus*
petition that he understood that he would be discharged from his sentence

on April 3, 1979. Petitioner continued to report to his parole officer until August 1979, four months beyond the alleged expiration date. Petitioner was arrested on August 27, 1979, on charges totally unrelated to his involuntary manslaughter conviction. Petitioner admitted he was on parole at the time of arrest. One of the offenses was committed on January 25, 1979. He was convicted and sentenced to imprisonment for three years on one conviction and two years on the other. The court ordered that the sentences be served concurrently; however, the court further ordered that the sentences be served consecutively to his involuntary manslaughter conviction. On September 8, 1979, petitioner was advised by Joseph Opey, parole officer, that he would be declared a parole violator. On March 27, 1980, the Prisoner Review Board declared petitioner a parole violator. An affidavit of John M. Taylor, record office supervisor of the Vienna Correctional Center, was attached to the warden's answer to petition for writ of *habeas corpus*. The affidavit stated that petitioner's original custody date was February 4, 1976; that the original parole date was April 3, 1978; and that the discharge date was November 4, 1981. No one from the Prisoner Review Board or Department of Corrections testified at the hearing.

Section 3—3—9(a) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—3—9(a)) states, in part:

"If prior to expiration or termination of the term of parole or mandatory supervised release, a person violates a condition set by the Prisoner Review Board to govern the term, the Board may:

\* \* \*

(3) revoke the parole or mandatory supervised release and reconfine the person for a term computed in the following manner:

(i)(A) For those sentenced under the law in effect prior to this amendatory Act of 1977, the recommitment shall be for any portion of the imposed maximum term of imprisonment or confinement which had not been served at the time of parole and the parole term, less the time lapsed between the parole of the person and the commission of the violation for which parole was revoked."

From the date of his parole violation, petitioner is deemed to owe the State of Illinois service for the remainder of his maximum term of his sentence, giving credit only for time faithfully served in prison, good-time credits, and time on parole before violation. (*People ex rel. Barrett v. Crowe* (1944), 387 Ill. 53, 55 N.E.2d 84.) A person on parole remains subject to the sentence of commitment to the Department of Corrections for the period of time specified by the court. Parole alters only the method and degree of confinement during the period of commitment. (*People v. Williams* (1977), 66 Ill. 2d 179, 361 N.E.2d 1110.) In the case at

bar, no order of discharge was issued by the Prisoner Review Board pursuant to section 3—3—8 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—3—8), because the Prisoner Review Board had determined that petitioner's discharge date was November 4, 1981. Petitioner argues that he was subject to the one-year parole provided for in section 5—8—1(d)(3) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp. ch. 38, par. 1005—8—1(d)(3)). Although petitioner is correct, he ignores that this particular section provides that the parole term is *in addition* to the term of imprisonment. When petitioner was released on parole, he was subject to the court imposed sentence. Petitioner had not served even three years, the minimum court imposed sentence on his involuntary manslaughter conviction, at the time he violated parole, and had served approximately four years at the time he was declared a parole violator. That sentence had not expired and he had not been discharged from the sentence by the Prisoner Review Board.

■■ Section 3—3—8(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—3—8(b)) provides:

> "The Prisoner Review Board may enter an order releasing and discharging one from parole or mandatory supervised release, and his commitment to the Department [of Corrections], when he is likely to remain at liberty without committing another offense."

Assuming that petitioner's parole did expire in April 1979, he still had not been released from the jurisdiction of the Department of Corrections by the Prisoner Review Board. As petitioner's total commitment of his sentence had not expired, his "parole" could properly be revoked.

■■ Lastly, petitioner contends that his right to due process was violated due to the 14-month delay between commission of the January 25, 1979, offense and the March 27, 1980, declaration by the Prisoner Review Board. Petitioner was not arrested on the criminal charges underlying the revocation of parole until August 1979. The foregoing delay may have been the result of an ongoing undercover investigation. (See *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) Petitioner acknowledged that in September 1979, the chief parole officer for Adams County, Illinois, told petitioner that he would be declared a parole violator. The mittimus for petitioner's drug convictions is dated February 5, 1980. Less than two months later, petitioner was declared a parole violator. Upon the foregoing facts, petitioner was not deprived of his right to due process. *Moody v. Daggett* (1976), 429 U.S. 78, 50 L. Ed. 2d 236, 97 S. Ct. 274.

For the reasons presented above, we affirm the judgment of the Circuit Court of Johnson County.

Affirmed.

KARNS and HARRISON, JJ., concur.