[Civ. No. 5142.   First Appellate District, Division Two.—May 15, 1925.]

## F. L. FISKE, Respondent, v. P. C. LOWRY, Appellant.

[1] SALES—AGENCY—CONFLICTING EVIDENCE—FINDINGS — JUDGMENT— APPEAL.—In this action to recover judgment against defendant for certain plumbing supplies alleged to have been sold and delivered to defendant by plaintiff, the evidence offered by plaintiff was sufficient to justify the finding of the trial court to the effect that the supplies in question were sold by plaintiff to defendant at a specified net price per set to plaintiff, which was agreed to be paid to plaintiff by defendant as and when the latter resold the goods, and judgment was properly entered in plaintiff's favor for the plumbing supplies that defendant admitted he received from plaintiff and sold; and such finding and judgment are conclusive on appeal.

(1) 4 C. J., p. 884, n. 37; 35 Cyc., p. 572, n. 70.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sidney P. Robertson for Appellant.

Arthur L. Shannon for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by defendant from a judgment against him in the sum of $1,545.60 for plumbing supplies alleged to have been sold and delivered to defendant by the plaintiff.

The complaint is in two counts. Count I alleges "that within two years immediately last past defendant became indebted to plaintiff in the sum of $1,545.60, on account of goods, wares and merchandise sold and delivered by plaintiff to defendant at the latter's instance and request; that neither the whole or any part of said sum has been paid." Count II alleges "that on the 20th day of February, 1924, an account was stated between plaintiff and defendant in the sum of $1,545.60; that defendant agreed to pay plaintiff said sum but neither the whole or any part thereof has been paid."

Defendant, by his amended answer, denies specifically both counts of the complaint and in addition alleges, as a separate defense, that the merchandise, consisting of certain plumbing supplies, were not purchased by him, but, on the contrary, were placed in his warehouse on the understanding and agreement that defendant should sell same as agent for plaintiff, and receive a commission on all sales made, and that in pursuance of this agreement defendant did sell certain of said plumbing supplies to his regular customers, but that the goods were defective and many were returned and rebates made to customers on others. Defendant admits that there is certain money due plaintiff from him on these sales, but contends that he could not pay any money to plaintiff at the time of filing his answer, owing to the fact that other dissatisfied customers might return their goods and demand a return of their money, etc.

Defendant has also filed a counterclaim in which he alleges that he was the agent of plaintiff to sell certain plumbing fixtures and that he did make certain sales, and earned commissions in the sum of $359.37, and that he expended $35 as freight on the goods, and other incidental expenses, amounting in the aggregate to $411.87, and prays judgment in his favor for $411.87.

Upon the issues thus joined the case was tried by the court without a jury and the court found that all of the allegations of count I of plaintiff's complaint were true, and further found as follows: Finding II: ''That on February 20, 1924, defendant became indebted to plaintiff in the sum of $1,545.60 on account of goods, wares and merchandise consisting of plumbing supplies sold and delivered by plaintiff to defendant at the latter's instance and request; that said sum of $1,545.60 became due and payable from defendant to plaintiff on February 20, 1924; that neither the whole nor any part of said sum, nor any interest thereon, has ever been paid''; finding III: ''That it is not true that plaintiff ever employed or appointed defendant as plaintiff's agent to sell said plumbing supplies or that defendant ever acted, or was ever authorized to act, as such agent; that plaintiff never promised or agreed to pay defendant anything for any services by defendant in connection with the sale of said plumbing supplies, nor to reimburse defendant for any expenditures made by defendant in connection with said plumbing supplies; that no commission or other compensation is due from plaintiff to defendant for selling said plumbing supplies; that nothing is due from plaintiff to defendant on account of any expenditures made by defendant in connection with said plumbing supplies.''

Judgment for plaintiff for $1,545.60 followed these findings.

[1] The only contention made by appellant which is supported by argument or citation of authority is (1) that the evidence was and is insufficient to justify the decision of the court.

It is the contention of plaintiff, and testified to by him at the trial, that he sold and delivered certain plumbing supplies to defendant at a fixed and understood price, to wit, $21 per set net to him, which was agreed to be paid

to plaintiff by defendant as and when the defendant resold the goods to his customers. Plaintiff only seeks to recover at the rate of $21 per set for the plumbing supplies that defendant admits he sold. Defendant, on the other hand, contends that he did not purchase the goods from plaintiff, but merely acted as plaintiff's agent in the resale of them, and claims he is entitled to deduct certain expenses incurred by him in the resale of the goods, and also a commission on the sales made by him.

It is admitted by appellant that the evidence is conflicting. Appellant also admits that he accepted the goods in question from plaintiff and resold them to his own customers at his own price, upon his own terms, and after adding certain of his own equipment thereto. In other words, the facts testified to by plaintiff are substantially the same as found by the court in its findings, and the testimony of defendant is substantially the same as set forth in his amended answer and counterclaim. There were other witnesses who testified on both sides, and there were some inconsistencies and discrepancies in the testimony of both plaintiff and defendant, but the testimony on the whole was conflicting upon the disputed issues in the case. The court, however, as indicated by the findings, accepted the testimony of plaintiff and his witnesses as being a correct statement of the transaction and resolved the conflict in the evidence in favor of the plaintiff, and as there is abundant evidence in the record to support the findings of the trial court on the disputed issues, it is conclusive on this appeal.

The appellant also makes a number of assignments of error on the part of the trial court, but none of them are supported by argument or citation of authority. However, we have examined the record very carefully and we find no merit whatever in any of the contentions of appellant. It is simply a case where the evidence is conflicting and the trial court resolved the conflicts in favor of plaintiff.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 8, 1925.