STATE *ex rel.* TURNER *v.* GORE, WARDEN, *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

R. C. Boyce, Jr., of Nashville, for plaintiff in error.

Nat Tipton and John M. Heiskell, Assistant Attorneys General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

In this cause a petition for *habeas corpus* was filed on the relation of Walter J. Turner seeking his release from the State prison at Nashville. A return was made by the warden, proof heard, and the trial judge dismissed the petition.

Turner was convicted of highway robbery and given a maximum sentence of twelve years. If credited with all possible honor time and good conduct time he would have been eligible to parole at the time of the hearing below. As a matter of fact, certain deductions were made from his good time allowance by reason of his misconduct and his sentence has still a considerable period to run by reason of these deductions.

As we understand the argument for relator he does not question the power of the prison authorities as a general proposition to deprive him of good conduct time by reason of violation on his part of the rules and regulations of the prison. He insists, however, that three years of his time for good conduct was deducted by reason of certain escapes and an attempted escape by him from the penitentiary. On one occasion he got out and remained at large for more than a month and another escape by him was narrowly averted by the prison guards. The argument is that such escapes and attempted escapes constituted offenses indictable as felonies under the laws

of the State, Code, sec. 12151, and that these acts of his are punishable by criminal prosecution and not by action of the prison officials. It is also urged that there is no showing by the warden that prison escapes transgress any prison rules or regulations.

As to the last contention, chapter 89 of the Pub. Acts of 1931, dealing with good time and honor grade deductions, provides that when any prisoners theretofore placed in the honor grade violate the rules and regulations of the prison and otherwise demean themselves improperly, the commissioner is authorized to remove them from the honor grade and take away any part of good time previously gained.

■ Clearly, a prisoner sentenced by law to confinement within prison walls who escapes therefrom and thereafter makes another attempt to escape demeans himself improperly as well as violates a statute and the commissioner is without doubt authorized to deduct from the prisoner's good time allowance for such misconduct.

■ It is further argued in behalf of relator that since the statute subjects him to punishment for his escape and attempts to escape, punishment for these offenses by the commissioner of institutions would subject him to a double jeopardy in violation of the constitution.

In reply to this it is perhaps sufficient to say that no criminal prosecution, so far as appears, has ever been instituted against the relator on account of his escape and attempt. A plea of double jeopardy, if there was anything in it, would not be appropriate until such a prosecution arises.

In addition to the foregoing, however, a criminal prosecution in the courts of the State and proceedings before the prison authorities are altogether different things.

One is a judicial function, the other an administrative function. The functions are different in law.

This matter has been so admirably discussed by the Supreme Court of Illinois that we cannot do better in disposing of relator's contention than to quote from the opinion of that court in *People ex rel. Day* v. *Lewis*, 376 Ill., 509, 34 N. E. (2d), 712, 714. In that case a prisoner (Day) serving a sentence for larceny killed one Loeb, a fellow-prisoner. The latter, armed with a razor, attempted to compel Day's submission to immoral advances of a perverted nature. Day resisted and in self-defense obtained a razor and inflicted wounds on Loeb from which the latter died. The prisoner Day was tried for the murder of Loeb and acquitted. The prison authorities deducted all the previous good time earned by the prisoner for this affray and for other violations of the prison rules. Day filed a petition for *habeas corpus* insisting that his acquittal of the charge of murder in the criminal court rendered him immune to punishment on account of that offense and that the prison board acted illegally in so far as it took away his good time on account of the Loeb killing. The argument was that the action of the prison board was an unauthorized review of the criminal proceedings resulting in the imposition of punishment upon the relator for a crime for which he had been acquitted. The petition for *habeas corpus* was dismissed and the Court said:

"The separate functions of the judicial and executive departments of government have been sharply delineated and must not be blended and confused. The power of the judiciary in a criminal proceeding is limited to the trial of an accused for a specific violation of law charged in an indictment and for no other offense, and, if he is ad-

judged guilty, to the pronouncement of the punishment provided by the Legislature for the crime charged. *People v. Whipp*, 352 Ill., 525, 186 N. E., 135. This, the criminal court of Cook county did when it sentenced relator to an indeterminate term upon his plea of guilty to a charge of larceny. Similarly, the jury in the circuit court of Will county considered only the question of relator's guilt or innocence of the crime of murder, and its verdict did not encompass any other violation of the criminal law, which might have been committed by the same conduct, nor, for the greater reason, a violation of purely administrative regulations. The function of the executive department, on the other hand, is to administer the sentence imposed by the court and to apply, as an inherent part of every indeterminate sentence, the rules pertaining to the diminution of punishment for good conduct. *People v. Connors*, 291 Ill., 614, 126 N. E., 595; *People v. Joyce*, 246 Ill., 124, 92 N. E., 607, 20 Ann. Cas., 472. An indeterminate sentence is for the full term allowed by law for the crime, and the administrative department, in deciding that a prisoner's conduct does not merit his release for good behavior after serving less than the full term, cannot be said to increase the sentence. *People v. Connors, supra.* Although the forfeiture may flow from conduct involving a criminal offense, the prisoner is neither tried nor sentenced for a violation of the criminal law, and his punishment consists solely in the serving of the balance of his sentence originally imposed. *Story v. Rives*, 68 App. D. C., 325, 97 F. (2d), 182; *Jarman v. United States*, 4 Cir., 92 F. (2d), 309. It is for this reason that the administrative department is not required to adhere to formal procedure or comply with rules of evidence as in a criminal prosecution before a judicial tribunal. *Christianson v.*

*Zerbst*, 10 Cir., 89 F. (2d), 40; *Ex parte Stanton*, 169 Cal., 607, 147 P., 264. From the essential difference between the powers, objectives and probative requirements of the criminal court, in trying an accused upon an indictment and sentencing him to imprisonment, and of the Department of Public Welfare, in determining an infraction of a prison rule by the same person and forfeiting his earned good time, it follows that a verdict entered in the former does not affect the jurisdiction of the latter independent tribunal to make a separate decision within the scope of its powers.'' *People* v. *Lewis, supra.*

In *People* v. *Conson*, 72 Cal. App., 509, 237 P., 799, the reverse of the Illinois case was presented. A prisoner who had escaped from custody and upon recapture was deprived of his good time allowance by the prison authorities was later prosecuted under a California statute relating to escapes from the State prison. He pleaded former jeopardy or former conviction but this plea was overruled. The Court said:

''Punishment by the prison authorities for a violation of its rules, or for the enforcement of necessary discipline, does not place a defendant in jeopardy within the constitutional sense, and it constitutes no defense whatever to a charge of the character for which defendant was tried. *State* v. *Cahill*, 196 Iowa, 486, 194 N. W., 191-194; *People* v. *Huntley*, 112 Mich., 569, 570-577, 71 N. W., 178.

''A proceeding, such as was here instituted by the prison board for the purpose of determining whether defendant should forfeit his credits, is one administrative in character, and the board, in the performance of this act, does not exercise judicial functions, nor is it a judicial body. *In re Lee,* 177 Cal., 690, 171 P., 958.

"Its proceedings in the matter therefore did not constitute once in jeopardy of the offense charged in the information. Defendant in the instant case was accused by information with the violation of certain provisions of the Penal Code which amount to a felony. In order to be entitled to the plea he invoked, it was incumbent upon him to show that he had previously been placed on trial before a court of competent jurisdiction upon indictment or information for the same offense, namely, escaping from the state prison."

For the reasons stated and upon the authorities to which we have referred, the judgment below is affirmed.