GALYON *v.* STATE.

*(Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

Rehearing Denied February 10, 1950.

Hugh Simpson, of Knoxville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

By this appeal Galyon complained of the action of the Criminal Judge of Knox County in revoking a parole previously granted by him and sentencing Galyon to undergo confinement for the original term to which he had been previously sentenced.

In February 1948, the plaintiff in error plead guilty to an attempt to commit forgery, and was sentenced to the state prison for a period of not more than five years, nor less than one year, but upon his application the plaintiff in error was granted a parole by the Criminal Judge of Knox County.

In November 1948, a petition was filed by the District Attorney General charging the plaintiff in error with violation of his parole, and praying for a revocation thereof. Upon this a citation was duly issued, and in May 1949, the trial judge revoked the parole. The citation charged the plaintiff in error with participation in a robbery and also with conduct inconsistent with good citizenship. The trial judge found "that since his parole, the

defendant has violated the law, has failed to make regular reports to the parole officer as required and by associating with law violators, laying around bootlegging establishments and other questionable places, drinking whisky and has been guilty of conduct inconsistent with good citizenship, . . . . ''

■ The parole was granted by the trial judge in the first instance pursuant to authority as set forth in Code, Section 11802.1. The suspension of the parole was in pursuance to Code, Section 11802.3 with the required notice being given the plaintiff in error prior to a hearing. A hearing was had in due course and evidence introduced. This evidence unquestionably warranted the trial judge in suspending the parole which had theretofore been granted in the discretion of the trial judge. In the last Code section referred to above it is said: ''In case the trial judge shall find that the defendant has been guilty of a violation of some statute of this state or has been guilty of conduct inconsistent with good citizenship, the trial judge shall have the right by order entered upon his minutes to revoke the suspension of sentence and/or parole theretofore granted to the defendant, but in such cases of a revocation of such suspension and/or parole, the defendant shall have the right to appeal therefrom to the Supreme Court of this state by filing his bill of exceptions and motion for a new trial as now provided by law.''

Upon the hearing, testimony of the prosecutor in a charge of robbery against the plaintiff in error was introduced, and likewise the testimony of the plaintiff in error upon this charge was introduced. Other evidence was likewise introduced. The record shows that the plaintiff in error was acquitted in the Criminal Court upon

this charge of robbery, and it was also shown that the plaintiff in error had not made his monthly report to the parole officer of Knox County as required, but it was also shown that the plaintiff in error had been in jail during most of this time.

The plaintiff in error complains most bitterly that the trial judge was concluded by the verdict of not guilty in the trial for robbery—in other words, his argument is that since he had been acquitted on this subsequent robbery charge, that is, subsequent to the offense in which he plead guilty for which he was paroled, that since the jury had acquitted him in this subsequent charge that then the trial judge must take this acquittal or verdict of the jury as final and conclusive that he had not violated the parole. It is thus very strongly insisted that being thus acquitted, the trial judge had no right to revoke the parole.

██ The trial judge is not bound on this hearing for a parole by the verdict of not guilty in the case. It must be remembered that here the parole, in the first instance, was granted to the prisoner at the discretion of the trial judge. When it appears to the judge who has granted this parole that the parole has been violated in some manner wherein it is shown that the parolee is "guilty of conduct inconsistent with good citizenship" the trial judge may revoke the parole. It is entirely possible that the evidence introduced in the subsequent trial, wherein the parolee was acquitted by the jury, that the evidence therein might convince the trial judge that the parolee was "guilty of conduct inconsistent with good citizenship" and yet at the same time the evidence in that case might not have been sufficient to have convicted the prisoner under the rules of criminal law.

 Under the statute upon which this parole was granted there is no indication or suggestion that the trial judge must be controlled in his actions by the result of a subsequent criminal prosecution. The verdict in this subsequent suit of not guilty is a finding only that the plaintiff in error was not guilty of the offense there charged, and is not necessarily a finding that he was not guilty of ''conduct inconsistent with good citizenship.'' This verdict of not guilty is simply a bar to further criminal prosecution for the same offense. The authorities generally lay down the rule that a judgment of acquittal is not binding or conclusive in subsequent proceedings. See *State ex rel. Turner* v. *Gore,* 180 Tenn. 333, 175 S. W. 2d 317, and authorities there cited. The judgment of acquittal in a criminal case constitutes no bar to subsequent civil actions. 30 Am. Jur., Judgments, Section 291. A hearing for revocation of parole is conducted under the rules applicable to a civil case.

It therefore seems very clear to us that under this record the trial judge was well within his rights in revoking the parole of the plaintiff in error. The judgment below must be affirmed with costs.

## On Petition to Rehear.

The plaintiff in error has seasonably filed herein a courteous and dignified petition to rehear. The basis of this petition is (1), that the pleadings were insufficient to sustain the action of the trial court and (2), that the plaintiff in error should have been given the benefit of the verdict of the jury by virtue of the failure of the trial court to dispose of the application for revocation prior to the date of the jury verdict under which he was tried

and from which the evidence was offered whereon his parole was revoked.

The petition charged the plaintiff in error with conduct inconsistent with good citizenship. This charge of "conduct inconsistent with good citizenship" is indeed a very broad charge and covers a multitude of factual situations. The charge was made and under this charge the evidence upon which the parole was revoked was produced. It was the obligation of the plaintiff in error to move to make this charge more specific if he desired that it be done. He not having made the necessary application that this charge be made more specific then any evidence introduced under such a charge showing "conduct inconsistent with good citizenship" was admissible and if sufficient evidence was shown that the plaintiff in error had not conducted himself consistent with good citizenship then it was the duty of the trial judge to revoke the parole. It, therefore, appears since no motion or application was made to make this charge more specific the trial judge was perfectly right in concluding as he did.

It is complained and argued, in the petition to rehear, that we must assume that the trial judge made an agreement with the plaintiff in error that the revocation of the parole order would be governed by the outcome of the second case wherein he was put on trial in a case charging robbery. We cannot so assume. We have held in our original opinion that the verdict of the jury in the second case is not conclusive on the trial judge as to his action on the revocation of parole. We think this conclusion sound and know of no authority to the contrary. Much of the argument in the petition now before us is merely a reiteration of that as made in the original as-

512

signments of error on this question. We have very thoroughly considered the matter and feel that we were correct in the first instance.

 The result is that the petition to rehear must be overruled. As to whether or not the plaintiff in error is entitled to credit for the time that he has spent in jail pending the trial on the second charge is a question to be presented to the authorities when his application for parole reaches the parole board.

All concur.