CHARLEY FINLEY, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

378 S.W.2d 169.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

CUMMINGS & MELTON, Woodbury, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

150

MR. JUSTICE WHITE delivered the opinion of the Court.

The plaintiff in error appeals from the order of the trial court revoking a suspended sentence of eleven months and twenty-nine days theretofore rendered against him.

On March 7, 1963, the plaintiff in error pleaded guilty to a charge of driving while under the influence of an intoxicant in the Circuit Court of Rutherford County. He was sentenced to serve the time aforesaid and a fine was levied against him in the amount of $25.00. A petition for a suspended sentence was filed, which the court was pleased, within its discretion, to grant upon payment of the costs and the fine, which suspension was "conditioned upon the defendant's not hereafter violating any of the laws of this State or being guilty of any misconduct inconsistent with good citizenship."

On August 17, 1963 the Circuit Judge, based upon an affidavit of the District Attorney General charging the defendant with driving while intoxicated on the 27th day of July, 1963, issued a warrant for defendant's arrest charging him with having violated the terms and conditions of his suspended sentence. The defendant filed an answer to the charges alleged in the warrant which, in effect, amounted to a general denial of all of the allegations contained in the warrant. The matter was then accordingly set down for hearing.

On the hearing Barrett and Brandon, Deputies Sheriff of Cannon County, testified that on the 27th day of July,

1963 while they were approaching the intersection of Hollow Springs Road near a farm belonging to a man named Miller, they saw the defendant driving a car from Miller's house along the Hollow Springs Road. They pulled in behind the car and when they caught up with the car, Finley had pulled the car into the driveway of a Mr. Moore.

The two officers stopped their car and walked to where the defendant had parked his car. The officers stated that when they got to the car the defendant was sitting behind the wheel and that in their opinion he was drunk. The officers then placed the defendant under arrest.

The Sheriff of Cannon County, McBride Cooper, also testified for the State that he had occasion to see and observe the defendant at the County Jail shortly after his arrest on the 27th of July. It was the Sheriff's opinion that the defendant was in a drunken condition.

The General Sessions Judge of Cannon County also testified that he saw the defendant on the afternoon of his arrest. The judge stated that the defendant smelled of alcohol and that he was definitely drinking.

The defendant took the stand in his own behalf and denied that he was drunk on this particular occasion, and further denied that he ever drove the car on that afternoon. To the contrary, the defendant specifically stated that the automobile had at all times been driven by one Bone Miller.

The court, after hearing the foregoing proof, ruled as follows:

"The defendant has put up a very strong defense to the petition seeking for a revocation of the suspended

sentence in this case, but now when you start to look at the testimony offered here by the defendant, we find this: that the mother of the defendant, riding in the car, says that he was not even drinking; the defendant himself says he wasn't even drinking. You can excuse the mother for testifying—it may be her judgment was bad. And you have the testimony of the defendant that he was not drinking on this occasion. And yet, at the same time you have officers of the law who say he was pulled out from under the steering wheel of the car. And Judge Conley saying he was drunk when he got to the jail. Now, the Court cannot say that Judge Conley was not telling the truth. I don't think that they have any interest in this case that would cause them to be biased and to tell something that was not true.

"These men here are men of official position in Cannon County, and when the defendant says he is not even drinking and Judge Conley says he put his arm around him and he says he was drunk. There has been a lot of testimony offered by the defendant, but I might add there has been a lot of very tall swearing in it, too.

"I think the case is made out against the defendant unquestionably, and an order will be prepared and entered revoking the order of suspension of the sentence. I take it you will want to file a motion for a new trial?"

The plaintiff in error here has made four assignments of error charging that the evidence preponderates against the judgment of the court, and that the judge erred in refusing to suppress the evidence of the State's witnesses.

The trial judge granted the suspended sentence within his discretion and upon the authority of T.C.A. sec. 40-2901. He revoked the suspension under authority of T.C.A. sec. 40-2907, which provides that when it comes to the attention of the trial judge that a defendant who has been paroled or whose sentence has been suspended shall have been guilty of any breach of the laws of this state, or shall have been guilty of a breach of the peace, or any other conduct inconsistent with good citizenship, the trial judge shall have the power in his discretion to cause to be issued under his hand a notice to such defendant, notifying him of the nature of the charges made against him and shall require that he appear before said judge within five days from the execution of the notice. It is then made the duty of the judge to investigate the charges made against the defendant and after a hearing, at which the defendant may be present and may be represented by counsel, and may introduce testimony in his behalf, the trial judge may enter such judgment upon the question of such charges as he may deem right and proper under the evidence before him.

Upon said hearing, if the trial judge shall find that the defendant has been guilty of a violation of some statute of this state, or has been guilty of conduct inconsistent with good citizenship, he then has the power within his discretion, by order entered upon his minutes to revoke the suspension of sentence and/or parole, and from such revocation the defendant shall have the right to appeal therefrom to this Court, by filing his bill of exceptions and motion for a new trial as now provided by law.

In the case of *Galyon v. State*, 189 Tenn. 505, 226 S.W. 2d 270 (1949), we held that the trial judge did not err in revoking the parole on petition by the State charging

the defendant with "conduct inconsistent with good citizenship" where the evidence showed he had been charged with robbery since parole was granted, though he was acquitted, since a verdict of acquittal was not conclusive on the court in passing on petition for revocation of parole.

The record shows that two police officers saw the plaintiff in error driving an automobile upon the public roads of Cannon County and they testified that he was drunk. The Sheriff and the General Sessions Judge of Cannon County both testified that in their opinion the defendant shortly after his arrest was drunk.

Therefore, the evidence does not preponderate against the judgment of the court, but, in fact, supports such judgment in great abundance.

The general law governing matters of this kind is set out in 5 Wharton's, Criminal Law and Procedure 392 (Anderson ed. 1957):

"In those jurisdictions in which a provision is made for a hearing, the hearing is summary in nature. The defendant is not entitled to the same guarantees as a person who is not convicted and is merely on trial upon an accusation of crime; the court is not bound by the rules of evidence governing such a trial; and it is not necessary to prove beyond a reasonable doubt that the defendant has violated the conditions of the probation order."

It has to be borne in mind that this plaintiff in error had already been tried and convicted upon his plea of guilty to a charge of driving while intoxicated. Exercising the discretion conferred upon him, the trial judge

suspended the sentence conditioned as aforesaid. This was a matter wholly within the discretion of the judge and the revocation of such suspension was also within his discretion. The evidence abundantly supports the action of the trial court in this case.

In the instant case the defendant was convicted by his own plea of guilty in the first instance. He was sentenced in accordance with the law. He was in no position to make any bargain. Under such conditions he placed himself on the mercy of the court by asking for a suspended sentence. He had no right to a suspended sentence. It was granted him in the discretion of the court and by its grace. One of the conditions placed upon him by this judge was "not hereafter violating any laws of the State or being guilty of any misconduct inconsistent with good citizenship."

As was stated by Chief Justice Burnett in *Thompson v. State,* 198 Tenn. 267, 269, 279 S.W.2d 261, 262 (1955):

"We think that under a motion for revocation, under this type of evidence, that it is clearly within the province of the trial judge to determine whether or not the suspended sentence should be revoked. To revoke a suspended sentence of the kind does not require the quantum of proof that is necessary to convict one of crime in the first instance. A suspended sentence granted by the trial judge in the first instance is granted on the theory and basis that the person whose sentence is suspended is punished sufficiently and that he will not violate the law again—that he will lead a lawful life. When it appears to the trial judge that his confidence in the prisoner, and his effort to aid the prisoner in suspending part of his sentence, has been violated then it is entirely within the rights of the trial judge to

suspend such sentence. In the instant case the witnesses on both sides appeared before the trial judge and he was certainly the proper one to determine their credibility.''

In *Hooper v.* State, 201 Tenn. 156, 162, 297 S.W.2d 78, 81 (1956), the Court held:

''In granting the probation and in suspending the probation the question is whether or not the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. And this rests in the sound discretion of the court. And this discretion of course means that the trial judge will and does exercise a conscientious judgment, not an arbitrary action.''

In reviewing the action of the trial judge, pursuant to T.C.A. sec. 49-2907 (Supp.1963), this Court examines the record and if, as in the instant case, we find that the trial judge has exercised a conscientious judgment rather than an arbitrary one, then his judgment will be affirmed.

For the reasons set out above, the judgment of the trial judge is affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.