Edward Rodifer

*v.*

State of Tennessee

379 S.W.2d 763

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

Petition for Rehearing Denied July 15, 1964.

D. M. GUINN, TOMMIE MITCHELL SMITH, Johnson City, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This appeal comes to us complaining of the revocation of the parole granted the plaintiff in error wherein he

had formerly been convicted on his plea of guilty in the Criminal Court of Washington County for the possession of more than three (3) gallons of unstamped whiskey. In that case the punishment was fixed by the jury at a year and a day in the State penitentiary. On a proper petition filed to that judgment, parole was granted, and the petitioner was placed on probation for a period of ten (10) years, subject to certain conditions.

Apparently alleged violations of this parole came to the attention of the trial judge as well as the parole officer, and a warrant charging Rodifer with "violation of terms and conditions of probation by possessing intoxicating beverages on September 3, 1963" was issued on September 3, 1963. A hearing was had under this charge some ten days later and as a result thereof the probation was revoked.

At this time a full hearing was had. Witnesses testified in open court. They were cross-examined by the attorney representing Rodifer. He testified in his own behalf, and introduced other witnesses to support his contention. It is true that certain of these witnesses testified as to finding beer in his garage and on his place and other witnesses testified as to having been with him when he hauled a load of liquor and things of that kind. These witnesses were contradicted by witnesses on behalf of Rodifer. At the conclusion of this hearing the trial judge found that Rodifer had violated the conditions of his parole, and as a result of which his parole was revoked, and he was ordered to serve the original sentence.

The most serious argument made on behalf of Rodifer is that the trial judge was without authority to revoke the order suspending the sentence or to have a hearing

for that purpose in the absence of formal charges made in the notice to Rodifer of a hearing on the question of suspension.

This Court in the early days of the probation law held that the revocation of an order suspending sentence cannot be had without notice to the defendant and a hearing on the charges in the notice. This hearing must be in accord with the procedure prescribed by statute which authorizes the trial judge to revoke the suspension order. *Howe v. State ex rel. Pyne,* 170 Tenn. 571, 98 S.W.2d 93.

It is likewise argued very forcefully by able counsel that the evidence preponderates against the judgment of the trial court and in favor of the innocence of the accused. We must remember the trial judge had all of these witnesses before him and reached the conclusion, after thus hearing these witnesses, that Rodifer had violated this parole. It is noticed in the record that Rodifer was examined rather extensively when he took the stand. Among other things the trial judge said:

"Well, I don't want it to look like that I've got it in for you, Mr. Rodifer, but every time you and I have talked about it, the whole world's been out of step, the whole everything except you. You're the only one that's been right about anything. After listening to this, you are the only one. * * *.

"From the very beginning. No, then, it's kinda hard to see an Army marching down the street and one man out of step and he takes the position that he is in step and the whole Army is out of step. * * *.

"And in my opinion, it's hard for the Court to believe that everybody is wrong but you, and you're right,

especially from the proof which I've heard and in view of your past record.''

In addition to the conviction in this case, which had been suspended, Rodifer had likewise been convicted in the Federal court. He was a family man with some six or eight children and apparently he and his wife had had arguments at various times, and about the time the warrant in the instant case was served on him his wife had departed to parts unknown. It was for the fact that this man, Rodifer, being an automobile mechanic and having these small children the trial judge granted him probation in the first instance.

The procedures for revoking a probation order and granting a suspension of sentence are contained in sec. 40-2901 et seq., T.C.A. The procedure for the revoking of such a suspended sentence is set forth particularly in sec. 40-2907, T.C.A. This Section, prior to its amendment by Chapter 95, sec. 7 of the Public Acts of 1961, provided that notice be given to the defendant in a brief form setting out the nature of the charges made against him. In the amendment, as made by the 1961 Legislature (this Section is now codified since said amendment and is found in the Cumulative Supplement to the Code) the specific provision for notice was dispensed with. As it is now constituted the statute provides that a warrant for the arrest of a defendant may be issued as in any other criminal case, but that any probation and parole officer for cause may arrest the defendant without a warrant.

The very forceful argument is made here that under the present statute notice of the charges is to be provided by warrant, but when we see the provision just alluded to that the defendant may be arrested by a parole

officer without a warrant it would appear that clearly the Legislature did not intend that the warrant give the specifications required in an ordinary criminal proceeding. We feel that in view of this statement in the Act, that he may be arrested by a parole officer without a warrant, that the Act now certainly does not require stricter notice than it did prior to the amendment, but that it was the intention of the Legislature to relax former requirements of specific notice of the charges.

This Section in reference to probation (Sec. 40-2907) has been before this Court a number of times prior to the 1961 amendment. In *Arney v. State* (1953), 195 Tenn. 57, 256 S.W.2d 706, this Court held that the trial court may upon proper notice to the defendant call a hearing to determine whether the order suspending the sentence should be revoked, either with or without filing formal charges by the District Attorney General or some other person. In the Arney case this Court said:

"Such proceedings are generally regarded as informal, and are generally considered sufficient to satisfy the requirements of due process if the defendant is given reasonable notice of, and opportunity to defend himself against, the charges upon which it is proposed to revoke the order suspending the sentence."

In *Hooper v. State* (1956), 201 Tenn. 156, 297 S.W.2d 78, likewise a case prior to the 1961 amendment, we made a similar comment to that last quoted from the Arney case. In this Hooper case we held that in granting or suspending probation the question is whether or not the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant, and such action rests in the court's sound dis-

cretion. This is also true as the statute now stands. In the Hooper case we likewise held that the notice provided for is that the defendant have made known to him generally the charges which he is called upon to defend. That requirement has certainly been complied with here. He was confronted with the evidence of having beer in his possession on a specific day that the warrant stated; then in addition to that there was cumulative evidence of other violations made subsequent to the probation and prior to the hearing. The plaintiff in error had ample opportunity and did exercise such opportunity through able counsel to cross-examine these witnesses and then call other witnesses to try to counteract what they had said. This counteraction was largely based on the charge that these other witnesses were prejudiced against him because they were ''in-laws'' and there was some trouble between this man and his wife. Be this as it may, the trial judge heard all of these witnesses, as we have said before, and reached the conclusion that the parole had been violated.

We think that the principle in the Arney and Hooper cases is completely applicable to the notice and factual situation as developed in the present case, especially in view of the fact that the specific statutory provision for notice has been relaxed, if not dispensed with, by the Legislature.

These principles have recently been very ably discussed in an opinion prepared by Mr. Justice White for this Court for publication, which was handed down on April 8, 1964, from Rutherford County, styled *Finley v State,* 214 Tenn. 149, 378 S.W.2d 169. This opinion, too, and the reasoning thereof, is subsequent to the 1961 amendment

to the Act. In the Finley case this Court quotes from Wharton's Criminal Law thus:

"In those jurisdictions in which a provision is made for a hearing, the hearing is summary in nature. The defendant is not entitled to the same guarantees as a person who is not convicted and is merely on trial upon an accusation of crime; the court is not bound by the rules of evidence governing such a trial; and it is not necessary to prove beyond a reasonable doubt that the defendant has violated the conditions of the probation order."

██ The plaintiff in error requests that in the event this judgment is affirmed that he be granted credit for certain time spent in jail pending his appeal prior to his release on bond in the present case. Section 40-3102, T.C.A., as amended and found in the Supplement to the Code, provides that such may be done and that the Supreme Court may, if a petition is filed within five days after the decision in the present case by us, grant such modification when the facts are properly verified by the clerk of the lower court. Clearly, under the Act as it is now (sec. 40-3102, Cum.Supp. to Code) this credit should be given when properly verified.

██ It is likewise requested in the event the judgment below is affirmed that Rodifer be allowed to serve the remainder of his sentence in the Washington County jail instead of the State penitentiary. The statute (sec. 40-3105, T.C.A.) provides that an application for such relief shall be made to the trial court who may exercise his discretion in the matter. This application though must be made to the trial court while the case is in that court and that court has jurisdiction of the matter. After an

appeal has been perfected and the question comes to this Court we do not have such discretion. Obviously, the Legislature would not confer such a discretion on us because all we have is the transcript of the evidence, records, briefs, etc. We do not have a situation where we can properly exercise such a discretion. It results that this request must be denied.

After very carefully considering this well briefed case, the judgment below must be affirmed for the reasons herein stated.

On Petition to Rehear

MR. CHIEF JUSTICE BURNETT.

A petition in the nature of a petition to rehear has been filed by the plaintiff in error requesting that, (1) he be given credit for a total of 117 days' confinement in jail on his present sentence, and (2) he be allowed to serve the remainder of his sentence in the Washington County jail. Likewise this petition requests that we remand the cause to the Criminal Court of Washington County for the purpose of giving that court jurisdiction to carry out these two requests.

Both of these issues were raised and discussed in our original opinion. We think that in view of the amendment to sec. 40-3102, T.C.A., made by the General Assembly by Chapter 32 of the Public Acts of 1963, the first of these requests should be granted by us. This being true, it it ordered that the confinement in prison be credited by 117 days on his present prison sentence. The procedendo will so show.

As for the second issue raised, we find no reason to remand this cause to the lower court for the carrying out

of this request because, as the statute now reads, we can, and are, allowing credit as shown by a proper certificate of the clerk of the court as to the time the plaintiff in error has spent in jail since the original sentence. As to the second proposition raised the question of remanding the cause to the trial court to allow the plaintiff in error to remain in the Washington County jail for the carrying out of this sentence, this must be denied for reasons stated in the last paragraph of our original opinion. If we were to grant this request, we would be doing indirectly what we have no authority to do directly. The plaintiff in error did not elect to make application to the lower court prior to his appeal in this case and a sound and orderly administration of justice in our Court dictates the uniform rule that the plaintiff in error must have been deemed to have waived his right to make such application when he did not make it before appeal.

The petition, therefore, is granted with respect to the allowance for the time served in jail, but the second request is denied.