IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2009

## STATE OF TENNESSEE v. MICHAEL COLLINS REED

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-D-2936    Cheryl Blackburn, Judge**

_____

**No. M2009-00550-CCA-R3-CD - Filed March 16, 2010**

_____

The Defendant-Appellant, Michael Collins Reed, appeals his sentence following the revocation of his probation. He originally pled guilty to attempted aggravated robbery, a Class C felony, and was sentenced as a multiple offender to eight years of confinement in the Tennessee Department of Correction. This sentence was suspended to ten years of supervised probation. Because this was Reed's third probation violation, the trial court placed his eight-year sentence for attempted aggravated robbery into effect. On appeal, Reed concedes the probation violation, but argues the trial court should have reinstated his probation or imposed a rehabilitative sentence that addressed his drug addiction. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Nathan Moore, Nashville, Tennessee, for the Defendant-Appellant, Michael Collins Reed.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**. The procedural history for this case was outlined by this court following the second revocation of Reed's probation:

> The record reflects that a Davidson County grand jury indicted the appellant for attempted first degree premeditated murder, especially aggravated robbery, and two counts of evading arrest. On March 17, 2005, the appellant pled guilty to one count of attempted aggravated robbery, a Class C

felony, and pursuant to the plea agreement, the trial court sentenced him as a Range II, multiple offender to eight years to be served as ten years on probation. On October 7, 2005, a probation violation warrant was issued, alleging that the appellant had violated his probation by testing positive for marijuana on September 23, 2005. On October 26, 2005, the trial court concluded that the appellant had violated probation, ordered that he serve thirty days in confinement, and ordered that his probation be reinstated upon completion of the thirty days in jail. On February 10, 2006, a second probation violation warrant was issued, alleging that the appellant had violated his probation by failing to provide his probation officer with proof of employment, changing his address without informing his probation officer, failing to report to his probation officer, failing to pay probation fees, failing to provide his probation officer with any proof of his public service work, not attending GED classes, and failing to pay anything toward his court costs and fines.

At the September 22, 2006 probation revocation hearing, the appellant acknowledged that he violated probation. He stated that he moved to Murfreesboro but left a message on his probation officer's "voice mail," informing her that he "was going through some situations with my child" and that he was moving to Murfreesboro to take care of his daughter's problem. The appellant's probation officer telephoned him, counseled him about the situation, and told him that he needed to report to her office. The appellant testified that his daughter had been molested by her mother's husband and that his daughter's abuse "just tore me up." He said that he tried to explain to his probation officer that he was "dealing with so much pain . . . and . . . trying to overcome staying out of trouble . . . and not running back in these streets." The appellant stated that he was "not trying to neglect the rules of this probation at all" and that he tried to start his own business. He said he did whatever he could to stay focused and "stay [away] from trying to pick up a gun or something to go rob somebody to pay bills." He stated that when his probation violation warrant was issued in February 2006, he was working full time for a bricklaying company. The appellant also had recently worked at a car wash. He acknowledged that while he had moved from job to job during his time on probation, he had always been employed. The appellant acknowledged that he missed paying some of his probation fees and court costs. He stated that if the trial court would reinstate his probation, he would do everything the court asked of him "to the fullest."

Upon questioning by the trial court, the appellant acknowledged that he had quit reporting to his probation officer. The court announced that on September 6, 2006, it had amended the appellant's February 2006 probation violation warrant to reflect that the appellant had been found guilty of another

crime. The appellant explained that in August 2006, the police had stopped him on the street as he was walking to his daughter's birthday party. The police asked him for identification and asked his name. When the appellant told them his name was Michael Moore, they accused him of using an alias. The appellant was subsequently charged with criminal impersonation.

The trial court stated that this was "a very serious case," noting that the victim had been shot in the stomach by a person the victim identified as the appellant. The trial court noted that the appellant had violated his probation previously, was released back onto probation after serving thirty days in confinement, and then stopped reporting to his probation officer. The trial court concluded that he should serve his sentence in confinement.

State v. Michael Collins Reed, No. M2006-02140-CCA-R3-CD, 2007 WL 2042482, at **1-2 (Tenn. Crim. App., at Nashville, June 19, 2007) perm. to appeal denied (Tenn. Oct. 29, 2007). This court found that the trial court did not abuse its discretion in ordering Reed to serve his sentence in confinement. Id. at *2. Reed was subsequently released from jail and placed into a special technical violators unit pursuant to Tennessee Code Annotated section 40-20-301.[1]

On January 25, 2008, Reed's probation supervisor signed an affidavit stating that Reed again violated a condition of his probation. The record does not contain any document setting forth the terms of Reed's probation. In specifying the violation, the affidavit stated:

Rule 9: I will not use intoxicants (beer, whiskey, wines, etc.) of any kind to excess. I will not have in my possession illegal drugs or marijuana. I will submit to drug screens or drug tests as directed by my Probation/Parole Officer.

Violation: Offender was given a drug screen on 1/17/08, it showed positive in office for cocaine. Specimen sent to Aegis Labs for confirmation. Drug screen returned from lab on 1/22/08 positive for high levels of cocaine.

A probation revocation hearing was held on February 17, 2009, and Reed was the only witness to testify. He admitted testing positive for cocaine in violation of his probation. He said he had a drug problem and was "looking to try to retain some kind of help;" however, he testified that he had done nothing to address the problem. Reed also admitted that he had

---

[1]The record does not contain an order concerning Reed's release from jail and placement into the technical violators unit after the second probation revocation. This information is based on the trial court's statements during the February 17, 2009 revocation hearing.

a pending vandalism charge. Reed testified that he was not asking the trial court to place him back on probation; rather, he stated:

> I'm here asking . . . the Court to see if I could get some kind of help with my problem to better myself in this community. I'm not looking to be released out today on - - placed back on probation because I would be telling a tale to myself. But I'm just looking for the Court to see if I can get into some kind of program to help better myself for . . . my future and for my kids, you know. Because I just can't [keep] coming back into this place and keep doing the same thing.

Reed said he has six children between the ages of four and nineteen. He wanted to enter the Lifelines program, which he believed would make him a law-abiding citizen and a better father.

On cross-examination, Reed testified that he had a positive drug screen in January of 2008, but the probation violation warrant was not served until December of 2008. Reed admitted he did not report to his probation officer in the intervening months.

After Reed testified, the trial court made the following findings:

> He conceded he violated. He didn't report, he's got new charges. I have previously revoked his probation and actually sent him to the Department of Corrections. I'm somewhat stunned that he's back. I guess he . . . went to the technical violators. That's what happened is he didn't have new charges. . . . Well, this time he does have new charges. He clearly violated. The sentence is going to be back into effect. He'll get his credit at the Department of Corrections. I am issuing an order this time prohibiting his placement in the special technical violation unit pursuant to 40-23-01[sic].

The trial court's findings were reflected in the Order Revoking Probation, the post-revocation judgment form, and the Order Prohibiting Placement in Special Technical Violation Unit. The latter order specifically found that Reed had two prior probation revocations, tested positive for cocaine, failed to report to his probation officer from January 2008 to December 2008, was convicted of vandalism while on probation, and had not paid probation fees. Following the trial court's judgment, Reed filed a timely notice of appeal.

## ANALYSIS

Reed admits he violated his probation; however, he claims the trial court erred in placing his eight-year sentence of confinement for attempted aggravated robbery into effect. He asserts the trial court should have reinstated his probation or imposed a rehabilitative

sentence that addressed his drug addiction. The State contends the trial court did not abuse its discretion by ordering Reed to serve the original sentence. Upon review, we agree with the State.

Tennessee Code Annotated Section 40-35-310 gives the trial court statutory authority to revoke probation whenever it finds that a probationer has violated the conditions of probation. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a probationer is arrested for any breach of the laws of this State or violates the conditions of probation, the trial judge shall have the power to determine whether a violation occurred at a due process hearing, and, if the court finds by a preponderance of the evidence that a probationer is guilty of the alleged violation, the trial court may cause execution of the original judgment. T. C. A. § 40-35-311 (2008). Moreover, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." T. C. A. § 40-35-310 (2008).

The revocation of a suspended sentence is within the sound discretion of the trial judge. Mitchell, 810 S.W.2d at 735 (citing Finley v. State, 378 S.W.2d 169, 172 (Tenn. 1964)). At the probation revocation hearing, the credibility of the witnesses is to be determined by the trial judge. Id. (citing Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978)). The trial judge must receive sufficient evidence to allow him to make an intelligent determination. Id. (citing Barker v. State, 483 S.W.2d 586, 589-90 (Tenn. Crim. App. 1972)).

> In determining whether to revoke probation, the trial judge need not find a violation of the terms of probation has occurred beyond a reasonable doubt. The evidence need only show the trial judge has exercised conscientious judgment in making the decision rather than acting arbitrarily.

State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (quoting Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)).

The judgment of the trial court will not be disturbed on appeal absent an abuse of discretion. Leach, 914 S.W.2d at 106. For an appellate court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647

(Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

> In State v. Hunter, the Tennessee Supreme Court stated:
>
> Tennessee Code Annotated §§ 40-35-310 (1990) and 40-35-311 (1990) govern the procedure for revocation of probation. If a trial court determines that a defendant has violated the conditions of probation, it has the authority to revoke the defendant's probation and cause execution of the original judgment. Tenn. Code Ann. § 40-35-311.

State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). Additionally, Tennessee Code Annotated section 10-35-310(a) provides:

> The trial judge shall possess the power, at any time within the maximum time that was directed and ordered by the court for the suspension, after proceeding as provided in § 40-35-311, to revoke and annul the suspension; and in such cases the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly[.]

Here, Reed concedes in his brief that the trial court "maintains the authority to impose the original sentence if a defendant does not comply with the terms of his probation." He also admits that he violated his probation. He asserts, however, that the trial court's ruling should not be reviewed under an abuse of discretion standard; rather:

> Appellant requests that the abuse of discretion standard may be modified in cases of individuals with substance abuse issues, to treat defendants who by a preponderance of the evidence are found suitable for substance abuse treatment with a balancing test instead of the near-plenary abuse of discretion standard. If a defendant is found suitable for rehabilitation, the trial court ought to be required to find on the record that the reason for the violation of probation and the other public policy factors of sentencing, to include

deterrence and the safety of the community, outweigh the public policy consideration of rehabilitation of the criminal defendant. If those factors do not outweigh rehabilitation, a suitable rehabilitation solution should be sought by the trial court instead of incarceration.

We decline to uproot the established standard of review, especially under the circumstances of this case. In defining the primary purpose of probation, the Tennessee Supreme Court has stated:

The entire theory of probation is that it is in the public interest that those who violate society's rules of conduct should, in proper cases, be given an opportunity to rehabilitate themselves and to be restored to useful and productive citizenship. More and more our society is coming to realize that "warehousing" criminals on an indiscriminate basis is financially, socially and morally unacceptable.

State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991) (quoting Stiller v. State, 516 S.W.2d 617, 620 (Tenn.1974)); see also State v. Burdin, 924 S.W.2d 82, 86 (Tenn. 1996). Here, the probation system afforded Reed multiple opportunities to seek help for his alleged drug addition. His probation was revoked twice before, including once for a positive drug test. Now, after his probation was revoked again and his original sentence was imposed, Reed argues the established standard of review does not adequately protect criminals with drug addictions. Reed has failed to show that a departure from the abuse of discretion standard is warranted. Upon our review, the record contains substantial evidence that Reed violated his probation; therefore, under section 40-35-310, the trial court was authorized to impose the original sentence. Reed is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE